## ROWLAND, ET AL. *v.* WARREN.

ESTATE IN FEE TAIL ABOLISHED.—H., a testator, devised a tract of land to his daughter, M. E., and her body heirs, but ordered that if she died without leaving children, the land should revert to his other heirs. M. E.'s title to the land passed to a stranger in the life time of M. E., by purchase at a sheriff's sale. M. E. died leaving children. *Held:*

1. That estates in fee tail have been impliedly abolished in this state.
2. That M. E. took either a fee simple or a fee simple conditional, defeasible on the contingency of her dying without children, with a limitation over by executory devise.
3. That the sheriff's deed passed a fee simple.

Appeal from Yamhill County. The facts are stated in the opinion.

*H. & A. M. Hurley,* for appellant.

*McCain & Fenton,* for respondent.

By the Court, Waldo, J.:

This cause turns upon the construction of a devise in the will of Joel J. Hembree, of Yamhill county, Oregon, who died in said county in 1868, leaving a last will made on the 22d day of April, 1868. The devise was to the testator's daughter, Mary E. Hembree, in the following clauses in the will: "I further will and do give and bequeath to my youngest daughter, Mary E. Hembree, the · following described land: The south half of the Andrew T. Hembree land claim, to her and her body heirs forever." At the end of the will the testator further says: "I further will that if my daughters, Martha Ann and Mary E. Hembree, die without children the land shall revert back to my other heirs."

The question is, what estate did Mary E. Hembree take in the land? The first clause of the devise to Mary E. Hembree would give her a fee simple conditional at common law, and a fee tail under the statute *de donis.* The statute *de donis* converted the fee simple conditional into a fee tail by taking away the tenant's power of alienation. (4 Kent's Com., 11; 4; 1 Sharswood's Blackstone, 110, n. 11.)

Now if the tenant is given full power of alienation, the effect must be impliedly to repeal the statute *de donis.*

(*Jewell* v. *Warner*, 35 N. H., 176.)    Our statute concerning conveyances (Gen. Laws, t. 1, ch. 6, p. 514,) seems, evidently, to confer this power, and to substitute a deed, signed and witnessed, for all common law conveyances whatsoever, including a common recovery.   So our statutes in relation to the sale of land under execution for the payment of debts, and by executors and administrators for the payment of claims and charges against the estate, and the power to devise by will, seem clearly to design, and impliedly to enact, that all estates of inheritance are subject to a general power of alienation.

A conveyance to A., and the heirs of his body, created a fee simple conditional at common law, which became a fee tail by the statute.   The repeal of the statute *de donis*, simply, would restore the old fee simple conditional.   Whether the power to create such an estate has, also, been taken away by our statute of descents, or otherwise, it is not necessary in this case to determine.   The devise in the first clause of the will, therefore, gave Mary E. Hembree either a fee simple absolute or a˙ fee simple conditional.   It remains to be seen what qualification has been annexed to the estate by the last clause in the will.

In *Ray* v. *Enslin*, 2 Mass., 554, there was a devise to the testator's wife for life, and after her decease unto the testator's daughter and her heirs forever, but in case the daughter should happen to die after she came of age, or have lawful heir of her body begotten, then over.   The court held the devise a fee simple, defeasible on a condition subsequent.

In *Maurice* v. *Graham*, 8 Paige, 483, the testator devised a house and lot to J. and E., and their heirs and assigns forever, provided they both attained to the age of twenty-one years, and to the survivor if only one of them

attained that age, and further directed that if they both died leaving no child or children, the house and lot should go to L. and her heirs and assigns forever. The devise over to L., upon the happening of the contingency named, was held good. The court said: "It is the ordinary case of an executory devise of the whole property in fee simple, limited upon a determinable estate in fee, in the event of the death of the first taker without leaving children."

In *Wilson* v. *Wilson*, 32 Barb., 328, the testator devised his lands to his son in fee, and ordered that if his son should die without any male issue, the estate should go over. The court construed the word "issue" to mean child, and held that the son took a defeasible fee, and that upon his death without leaving such male issue, the lands went over. In the case before us the expression "die without children," determines the contingency—if there could have been any question had the word "issue" been used—as one that must happen, if at all, at the death of Mary E. Hembree. (2 Jarman on Wills, 199; *Turner* v. *Ivie*, 5 Heisk., 222.)

In *Wilson* v. *Wilson* the devise to the son was a fee simple, and in this case the devise to the daughter, possibly, was a conditional fee. There is no other difference between the two cases. But clearly such a limitation over may be engrafted on a conditional fee as well as on an estate in fee simple to take effect on a contingency reasonably determinable. (*Lippitt* v. *Hopkins*, 1 Gall., 454, 465.)

It follows that Mary E. Hembree took either a fee simple or a fee simple conditional, defeasible on the contingency of her dying without leaving children, with a limitation over by executory devise. As such contingency did not happen, she held the whole estate, and the sale of the estate, under the judgment against her, conveyed a good fee simple title to the purchaser. The fact that the sale was made before

the period had arrived at which the contingency was to happen or fail, does not affect the title. The purchaser took the estate subject to be defeated by the happening of the contingency. (*Blanchard* v. *Blanchard*, 1 Allen, 223, 230.) The judgment must be affirmed.

Judgment affirmed.