JOHN YOESEL ET AL., APPELLANTS, V. WILLIAM RIEGER,
ADMINISTRATOR, ET AL., APPELLEES.

FILED DECEMBER 6, 1905. No. 14,389.

Wills: DEVISE: CONSTRUCTION. Where a testator devised lands to his
daughter in fee, but with a limitation over by way of executory
devise in favor of her brothers and sisters, contingent upon her
dying within a definite term of years without surviving issue,
and the daughter died within the specified term leaving such
issue, the latter succeeded to the estate of its mother in fee
simple.

APPEAL from the district court for Richardson county:
ALBERT H. BABCOCK, JUDGE. *Affirmed.*

*Francis Martin, A. J. Weaver* and *E. Falloon,* for appel-
lants.

*Reavis & Reavis, contra.*

AMES, C.

This is a petition in error to review a judgment of the
district court affirming an order of distribution made by
a county court in a proceeding for the settlement of the
estate of a deceased person.

On the 15th day of April, 1895, Christian Yoesel died, a
resident of Richardson county, in this state, leaving an
estate consisting of a tract of land and considerable per-
sonal property situate in that county. He also left a will,
afterwards duly admitted to probate, of so much of which
as is pertinent to this controversy the following is a copy:

"Item 2. It is my will and desire that my son John have
the use of my home farm of 150 acres in section 33, town 2,
north, range 17 east, 6th P. M., in Richardson county, Ne-
braska, for the term of seven years, or until March 1, 1902,
and to pay to my administrator for said rent the sum of
four hundred and fifty dollars ($450) each year, to be paid

as may be agreed upon between John and my administrator.

"Item 3.   It is my will and desire that when my youngest child, viz., David, becomes of age, which will be in said year 1902, then my said farm of 150 acres is to be the property of all my then living children, share and share alike, to be disposed of by them as in their judgment may seem best for all of them, and should any of my now living children die before the division above mentioned then said child's share shall go to my remaining children, share and share alike, provided, however, that should such deceased child leave any children, then his or her share shall go to his or her said children, which said division or bequest in this item shall also include the three children of my deceased daughter, Mrs. Catherine Rieger, who shall be entitled to an equal share in my estate as though their mother was living, and said estate or any moneys derived from said estate shall not be paid to said three children or any of them until they or each of them become of legal age."

After the death of the testator one of his daughters, Christina, intermarried with one Daniel Rieger, and in March, 1899, died intestate leaving, her surviving, her husband and a daughter by the marriage.   The latter died in July of that year, and in the following month the husband also died.   David Yoesel, the youngest child of the testator, attained his majority on March 1, 1902.   Daniel Rieger at his death left, him surviving, three minor children, his issue by a former marriage, and the sole question litigated in this case is whether these minors succeeded, as both the lower courts held that they did, to the estate which the deceased daughter of the testator, Christina, would have had if she had lived until March 1, 1902,   After the determination of this question two familiar rules are to be kept in mind: First, that at the common law a fee estate in lands is always vested somewhere; and, second, that in the construction of a will the intent of the testator, so far as it is consistent with law, must, if possible, be ascertained and given effect.   But the latter rule is governed by the pre-

sumption that the testator knew the law and that he chose the language employed in the instrument with a view to its ordinary legal signification. The purport of the instrument under discussion is that the fee to the lands in dispute vested upon the death of the testator in his children and grandchildren, named as devisees, as tenants in common of aliquot parts thereof, but burdened with a leasehold estate for a definite term of years, and subject to executory devises in favor of the survivors of them, contingent upon the death of any of them during the existence of the term without lawful issue surviving. Upon the death of Christina the contingency upon which alone the devise over of her share of the lands could have taken effect had not happened, and her title thereto, therefore, devolved upon her infant daughter, and upon the death of the latter descended to her sole heir at law, her father, and upon his death came by inheritance to his sole heirs at law, his minor children by the former marriage. 2 Washburn, Real Property (6th ed.), sec. 1,739. This construction is both in accordance with the technical rules of law and consistent with the manifest intent of the testator.

The suggestion that the result thus reached bestows upon the deceased infant a greater estate than was devised by the will to her mother is wide of the mark. The mother took a title in fee determinable upon her death, during the period of the leasehold term, without surviving issue, but upon her death leaving issue, that contingency not only did not happen, as has already been said, but ceased forever to be possible, and her estate in fee became absolute, so that it is immaterial whether the infant is regarded as having succeeded as executory devisee under the will or as sole heir at law. In either view she acquired the very estate with which her mother was vested at the instant of her death, to wit, the unlimited and unqualified title in fee simple, subject only to the unexpired portion of the term of years.

It is not disputed, as we understand, nor can it be so, successfully, that upon the death of Christina her estate or

title was transmitted to her daughter, but the very event that effected its transmission freed it from every condition and limitation expressed in the will, and the only escape from the foregoing conclusion is, therefore, that, in some manner, the title became conditioned or qualified in the hands of the infant, but there are in the will no limiting or qualifying words applicable to the issue of a deceased child of the testator, nor is there any reason to suppose that the testator contemplated the death of such issue, and the courts are powerless to engraft any such words upon the instrument, even if they were disposed so to do.

For these reasons, it is recommended that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.