CASE 47.—ACTION FOR SPECIFIC PERFORMANCE OF CON-
TRACT BY R. J. SIDWELL AND OTHERS AGAINST
L. S. HAMILTON AND OTHERS.—January 20.

# Hamilton, &c., v. Sidwell, &c.

Appeal from Clark Circuit Court.

JAMES M. BENTON, Circuit Judge.

Judgment for plaintiffs. Defendants appeal.—Affirmed.

Deeds—Construction—Estate Created—"Heirs"—A deed, in its
premises, named a wife alone as grantee, and the granting
clause conveyed to her alone, and habendum clause was that
she should hold forever in fee simple, provided that, if she
should die without heirs, then title to vest in her husband,
if living, and should he be dead, a certain share to vest in
the next legal heirs of the wife, remainder to the next legal
heirs of the husband. Held, that the attempted limitation to
the next legal heirs of the wife, remainder to the next legal
heirs of the husband, was ineffective to create any estate
in them, the word "heirs" being used as a word of inherit-
ance and not of purchase, and hence a deed from the wife
and husband would pass an absolute fee.

J. M. STEVENSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

Appellees by a written contract sold appellants,
for the consideration therein recited, a parcel of real
estate in the city of Winchester, for which they exe-
cuted a deed in conformity to the contract and made a
tender thereof to appellants. Appellants refused to

accept the deed thus tendered, and appellees there-
upon brought suit against them in the court below for
a specific performance of the contract. The answer
of appellants made no objection to the form of the
deed tendered, and admitted that it was executed in
conformity to the contract, but denied that it conveyed
a fee simple title to the land, or that appellees had or
could pass such title. The court, however, held that
the deed would pass a fee-simple title to appellants
and entered judgment requiring them to accept it and
otherwise specifically perform the contract. Appel-
lants, being dissatisfied with the judgment, have
appealed.

The title appellees attempted to convey by the deed
tendered was derived through and under a deed made
to appellee Teresa N. Sidwell by James T. Ecton and
wife, which reads as follows:

"This indenture made and entered into this 15th
day of August, 1892, by and between James T. Ecton
and Alice Ecton, his wife, parties of the first part,
and Mrs. T. N. Sidwell, wife of R. J. Sidwell, party
of the second part, all of the county of Clark and
State of Kentucky, witnesseth: That for and in con-
sideration of $700.00, to be paid as follows: $400.00
cash in hand paid, the receipt of which is hereby
acknowledged, and the further sum of $300.00, due
and payable in twelve months after date hereof bear-
ing six per cent interest from date until paid as evi-
denced by a note of even date herewith with a lien
retained for the unpaid purchase money. The parties
of the first part hereby alien, sell and convey unto the
said Mrs. T. N. Sidwell, party of the second part, the
following described property, to-wit: A certain lot in
Winchester, Kentucky, in Robinson's addition and
known as lot number 3, lying between Winn avenue

and the Kentucky Union Railroad and is bounded as follows:

"Beginning at a point in the center of said avenue corner to Goodpaster's lot No. 2; thence with a line of said lot N. 6¼° W. 358 feet to a stone in a line of the right of way of said R. R.; thence with said right of way N. 74° E. 81.7 feet to a stone corner to Mrs. Theodore Ecton's lot No. 4; thence with a line of said lot S. 6¼° E. 363 feet to the center of said avenue; thence with center line of said avenue 80 feet front to the beginning.

"Said first parties warrant the title hereto generally free from the claim or claims of any and all persons whomsoever.

To have and to hold unto the said Mrs. T. N. Sidwell with its appurtenances thereto belonging free from any claim or debt of her husband forever in fee simple, with a covenant of general warranty, provided, however, that should the said Mrs. T. N. Sidwell die without heir or heirs, then in that event the title to the above described and conveyed land with improvements thereon to vest in her husband, R. J. Sidwell, should he be living; should said R. J. Sidwell be dead, then a share of the land and improvements thereon to the amount of $1,000.00 to vest in the next legal heirs of said Mrs. T. N. Sidwell, the remainder of the said property to vest in the next legal heirs of the said R. J. Sidwell. In testimony whereof the party of the first part hereunto subscribed our names the day and year aforesaid.

"Jas. T. Ecton,
"Alice E. Ecton."

The only question presented by the appeal is as to the proper construction of the foregoing deed. It will be observed that the appellee Theresa N. Sidwell

is the only person named in the deed as a grantee, and by its premises and granting clause it seems to convey her a fee-simple title to the lot therein described. It will further be observed that the habendum clause also purports to convey her a fee-simple title with covenant of general warranty, but with the proviso: "That should the said Mrs. T. N. Sidwell die without heirs, then in that event title to the above described and conveyed land with the improvements thereon to vest in her husband, R. J. Sidwell, should he be living; should said R. J. Sidwell be dead, then a share of the land and improvements thereon to the amount of $1,000.00 to vest in the next of legal heirs of said Mrs. T. N. Sidwell, the remainder of the said property to vest in the next legal heirs of said R. J. Sidwell." If the proviso of the habendum clause is to be given any effect at all, it would necessarily introduce in that clause R. J. Sidwell as a party and make him a grantee in the deed, though not expressly named as such. It is contended by appellees that this can not be done, and that the attempted limitation in the habendum of Mrs. Sidwell's estate is ineffective, because inconsistent with and repugnant to the grant made to her in the premises. We are not prepared to say that the alleged inconsistency exists, or that the grant to the appellee, R. J. Sidwell, is for that reason void. We are of opinion that the deed from the appellees T. N. and R. J. Sidwell to appellants, and which the latter refused to accept, will pass to the grantees the absolute fee to the lot in question, for the reason that by giving full effect to the habendum of the Ecton deed the conclusion would seem to result that Mrs. Sidwell was vested with a conditional fee, and, should she die, leaving no heirs at law, her husband, R. J. Sidwell, would take an absolute estate in

the remainder. Therefore the two, by the deed tendered, could pass to appellants a good title. Perhaps it would make our meaning plainer to say that the limitation placed on Mrs. Sidwell's estate by the language of the habendum of the Ecton deed is on condition that she die without heirs, in which event the title is to vest in her husband, should he be living, and, should he be dead, then a part of the property to the amount of $1,000 to vest in the "next" legal heirs of Mrs. Sidwell, and the remainder in the "next" legal heirs of R. J. Sidwell. The last-attempted limitation to the heirs of Mrs. Sidwell can, it would seem, have no effect whatever, because, by the terms of the deed, her estate is absolute, if she dies without heirs, and leaving those surviving her as heirs they would take the estate by descent and not as purchasers under the Ecton deed. The further provision, "the remainder of said property to vest in the next legal heirs of said R. J. Sidwell," does not create a remainder in the heirs of the latter; the words "heirs" being used as a word of inheritance and not of purchase.

The deed under consideration is, in meaning and effect, much like that construed in the case of White v. Clark County National Bank, 59 S. W. 505, 22 Ky. Law Rep. 932. In the latter case, it was held that a remainder to John E. Burke, in fee simple, or, if he should not be living at the death of Mamie E. Burke, then to his heirs, created in John E. Burke a vested estate in remainder, and that his heirs would take by inheritance and not by purchase. The construction we have given the deed from the Ectons to appellees is not free from doubt; but, on the whole, we think it the most reasonable one we can adopt. In our opinion therefore appellants should have been satisfied with the deed tendered them by appellees, and the circuit

court did not err in requiring them by the decree rendered to accept it.

Wherefore the judgment is affirmed.