ALICE BRIDGET SCHNITTER, APPELLEE, V. MARY KATHERINE
McMANAMAN, APPELLANT.

FILED NOVEMBER 9, 1909.　No. 15,770.

1. **Wills:** CONSTRUCTION.　If possible without violating well-settled rules of law, effect must be given to every word in a will.

2. ———: ———: EXECUTORY DEVISE.　If a will contains an executory devise of real estate after the death of the first taker without issue, the limitation should be construed to mean a definite failure of issue, if capable of that construction.

3. ———: ———: ESTATE DEVISED.　Subsequent provisions in a will will not prevail to cut down an estate in fee simple previously given. They are, however, operative to define the estate devised, and may demonstrate that what without them would be an absolute fee was intended to be an inferior estate.

4. ———: ———: ———.　A father devised real estate to a son "to have and to hold forever. In the event of the death of John (the son) without lawful issue born, the property herein bequeathed to him shall immediately become the property of my daughter Mary." The son was not authorized by the will to dispose of any part of the estate, and he died unmarried and without issue subsequent to his father's demise. *Held*, That, since the property could not vest "immediately" in the daughter unless the son survived his father, the will refers to the event of the son's death subsequent to his father's dissolution. *Held, further*, that the will vested the son with a base or determinable fee, and, under the foregoing facts, the daughter Mary took an estate in fee simple immediately upon the death of her brother John.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE.　*Reversed.*

*T. J. Doyle* and *G. L. DeLacy*, for appellant.

*Field, Ricketts & Ricketts*, contra.

ROOT, J.

This is an action to quiet in plaintiff title to an undivided one-half of certain real estate in the city of Lincoln. John Barrett, the litigants' parent, died testate seized of

the real estate in dispute, and his will has been duly probated. The second, third and fourth paragraphs of the will are as follows:

"I give and bequeath to my beloved daughter, Mary Katherine McManaman, the sum of fifteen hundred ($1,500) dollars. In case of the death of Mary Katherine McManaman, the money above bequeathed to her shall be paid to her children in equal amount.

"I give and bequeath to my daughter, Alice Bridget Schneider, the sum of five ($5) dollars.

"I give and bequeath to my beloved son, John N. Barrett, all property of which I shall die siezed or possessed, whether real, personal or mixed, not hereinbefore bequeathed, that is to say, after the payment of said sum of fifteen hundred ($1,500) dollars to my daughter Mary Katherine McManaman, and said sum of five ($5) dollars to my daughter Alice Bridget Schneider, all of the remainder of my property of every description I give and bequeath to my son John N. Barrett, to have and to hold forever. In event of the death of John N. Barrett without lawful issue born, the property herein bequeathed to him shall immediately become the property of my daughter Mary Katherine McManaman."

Subsequently John M. Barrett, who is referred to in his father's will as John N. Barrett, died testate, unmarried, and without issue born, and his will has been duly probated. In his will, after making some minor bequests, he devised the residue of his estate in equal shares to his sisters, the litigants herein. If the elder Barrett's will vested his son with title in fee simple to the real estate, plaintiff should prevail, and the decree of the district court should be affirmed. On the other hand, if John M. Barrett's title was defeasable upon his death without issue born, defendant is entitled to a decree in her favor. Section 124, ch. 23, Comp. St. 1909, provides: "Every devise of land, in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly

appear, by the will, that the devisor intended to convey
a less estate." Section 49, ch. 73, Comp. St. 1909, pro-
vides: "The term 'heirs' or other technical words of in-
heritance, shall not be necessary to create or convey an
estate in fee simple." This statute applies to wills as
well as to deeds. *Little v. Giles*, 25 Neb. 313. Section 52,
ch. 73, *supra*, states: "Estates may be created to com-
mence at a future day." And section 53, ch. 73, *supra*, is
as follows: "In the construction of every instrument
creating or conveying, or authorizing or requiring the
creation or conveyance of any real estate, or interest
therein, it shall be the duty of the courts of justice to
carry into effect the true interest (intent) of the parties,
so far as such intent can be collected from the whole in-
strument, and so far as such intent is consistent with the
rules of law."

We are called upon "to sit in the seat of the testator"
and construe his will, yet the litigants are content to
submit their case upon the will and a statement that the
senior Barrett was a widower at the time he executed his
will and so continued until he died; that the litigants and
John M. Barrett constituted the sole and only heirs at
law of their father, and that John M. Barrett died child-
less and unmarried. The subject of executory devises has
not received extensive consideration in this court. In
*Little v. Giles*, 25 Neb. 313, it was held that a devise of
real estate to a widow, with a power to sell and convey so
long as she did not remarry, vested her during widowhood
with the power to convey the real estate and transfer title
in fee simple. The will in the cited case provided that
all of the estate bequeathed, "or whatever may remain" at
the remarriage of the first taker, should go to the testa-
tor's children. All of the real estate devised was sold
and conveyed by the widow before her second marriage,
so that the court did not determine whether the devise
over would be valid in any event. In *Spencer v. Scovil*, 70
Neb. 87, it was held that a devise in fee simple cannot be
cut down by a subsequent clause in the will purporting

to devise over so much of the estate as the first taker had not alienated during her lifetime. In *Yocsel v. Rieger,* 75 Neb. 180, reference is made to an executory devise; but title did not vest by virtue of the devise over, so that the opinion is not pertinent in the instant case. In *Sheets' Estate,* 52 Pa. St. 257, it is held that subsequent provisions in a will are at times operative to define an estate given, and to show that what without them would be a fee was intended to be a lesser estate. The opinion is cited with approval in *Spencer v. Scovil, supra.*

If an examination and comparison of all of the parts of the will satisfies the reason that the testator vested the primary devisee with a title in fee simple and thereafter attempted to control that title upon certain contingencies, then the rule of law intervenes and renders nugatory the devise over. *Loosing v. Loosing, ante,* p. 66. The rule is reasonable and well calculated to advance the administration of justice. It must be admitted that the devise of real estate to the testator's son "to have and to hold forever," considered in the light of the statute, is sufficient to vest the devisee with all of the interest the testator possessed in the property referred to. Does the subsequent clause, "in the event of the death of John N. Barrett without lawful issue born, the property herein bequeathed to him shall immediately become the property of my daughter," etc., clearly indicate that the testator devised to his son less than an estate in fee simple, and do those words create a devise over to the defendant? A devise to one in fee, and in the event of his death to another in fee, refers to death during the testator's life, because the event cannot be said to be contingent, and it seems more compatible with reason to say that the testator by the use of the words was providing a substitute for the first taker, should that devisee not survive the testator. When, however, the death of the first taker is coupled with other circumstances which may or may not ever occur, a devise over has been upheld by many eminent courts. *Pells v. Brown,* 3 Cro. (James, Eng.) 590; *O'Mahoney v. Burdett,*

7 L. R. H. L. (Eng.) 388; *Britton v. Thornton,* 112 U. S. 526; *Glover v. Condell,* 163 Ill. 566; *Parish's Heirs v. Ferris,* 6 Ohio St. 563; *Niles v. Gray,* 12 Ohio St. 320; *Hutchins v. Pearce,* 80 Md. 434; *Marshall v. Marshall,* 42 S. Car. 436; *Gibson v. Hardaway,* 68 Ga. 370. On the other hand, courts of high standing hold to the contrary. *Benson v. Corbin,* 145 N. Y. 351; *Coe v. James,* 54 Conn. 511; *Mickley's Appeal,* 92 Pa. St. 514; *Harris v. Dyer,* 18 R. I. 540; *Baldwin v. Taylor,* 37 N. J. Eq. 78; *Fowler v. Duhme,* 143 Ind. 248; *Lovass v. Olson,* 92 Wis. 616; *Meacham v. Graham,* 98 Tenn. 190; *Wilson v. Bryan,* 90 Ky. 482. The rule that the words of limitation shall be applied to the death of the first taker without issue during the life of the testator is said to be extremely technical in its character and does not apply where there are indications, however slight, that the testator referred to death subsequent to his own demise. 1 Underhill, Law of Wills, sec. 348. If the first taker is unmarried when the will is executed, it is said that the testator contemplated the primary devisee's future marriage and birth of issue, and that the devise over should be construed as an attempt on the testator's part to keep the estate in his family by cutting off the first taker's power to alienate the property. *Hutchins v. Pearce,* 80 Md. 434.

In the instant case the testator has indicated by bequeathing to plaintiff but $5 that, for some reason best known to himself and not in any manner reflected from the evidence, he did not desire her to receive any substantial part of his estate. By stating that, "in the event of the death of John N. Barrett without lawful issue born, the property herein bequeathed to him shall *immediately* become the property of my daughter Mary," it seems plain to us that the testator did not contemplate that his son would predecease him. The estate could not vest *"immediately"* in the daughter unless the son survived the father. We therefore hold that the will refers to the son's death without issue subsequent to the father's dissolution. It is conceded that issue was never born to the son, so

that it is unnecessary to determine whether issue must
have survived the primary devisee to bar the executory
devise. The intent of the testator having been ascer-
tained, is there any such repugnancy between the estate
devised to the son and the devise over as to destroy the
last named estate? We think not. We find nothing in
the will either by its express terms or by reasonable in-
tendment to indicate that power or authority is given the
son to convey the real estate or to consume the proceeds of
a sale of the land; nor, considering the entire instrument,
does it seem reasonable to hold that the testator intended
to vest an indefeasible estate in fee simple in his son. It
is argued that to hold that the will creates a valid execu-
tory devise is to say that the son received a mere life
estate, and that, if such an estate were intended, the tes-
tator would have used words to express that intention.
The vice of this argument is that the devise over does not
cut down the first taker's estate to one for life. John M.
Barrett's title was a base or determinable fee, which is
defined by Kent as "an interest which may continue for-
ever, but the estate is liable to be determined without the
aid of a conveyance, by some act or event, circumscribing
its continuance or extent." 4 Kent, Commentaries (Rev.
ed.) p. 9. If the son had conveyed the real estate subse-
quent to his father's death and the contingency had not
occurred upon which the title was to be cast over, the
grantee would have an estate in fee simple. If, however,
the son had conveyed and had died without issue born, the
grantee's estate by the subsequent facts would terminate.
We are satisfied that, when all of the provisions of the
will are read together, there is no repugnancy between
them, and that it is our duty to carry out the testator's
clearly expressed intent by upholding defendant's conten-
tion that she is the sole owner of the real estate in dis-
pute.

Considerable space is given in the brief, and an instruc-
tive argument was presented at the bar, to sustain the
proposition that the reference in the will to death without

issue born created an indefinite failure of issue and violated the rule against perpetuities. We do not think that we should so construe the will. The devise over is to one in life at the time the will was executed, and it does not seem reasonable to us to say that the testator contemplated that his daughter Mary might live so as to receive the estate upon an indefinite failure of her brother's issue, even though that enjoyment might be thereby postponed beyond the life of untold generations. *Parish's Heirs v. Ferris*, 6 Ohio St. 563; *Taylor v. Foster's Adm'r*, 17 Ohio St. 166; 2 Jarman, Wills (6th ed.) p. 463 *et seq.*

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.