EUGENE E. S. GONZALEZ, *Plaintiff in Error,* v. SALLIE A. HOOTON, *Defendant in Error.*

Where a conveyance is to a trustee in trust "to permit G to occupy, enjoy and possess .......... land, and the rents, issues and profits during the term of his natural life, if he do not survive to age of twenty-one years. If the said G do survive to the age of twenty-one years then the said trustee shall convey to him the property subject to the condition that if the said G have heirs of his body in being at his death, the property shall descend in due course to said heirs, but if at his death he have no heirs of his body in being, then if the (grantor) be living, the property shall revert to, and the title thereof revert to the (grantor), or, if at said time the (grantor) shall have departed this life, then the property shall belong to" others, and G becomes twenty-one years of age and dies leaving a son, G's grantee takes as against G's son.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*John C. Avery*, for Plaintiff in Error;

*Blount & Blount & Carter*, for Defendant in Error.

WHITFIELD, C J.—In an action of ejectment there was judgment for the defendant and the plaintiff took writ of error. The agreed statement of facts makes it appear that Margaret E. King, an unmarried woman, for a cited consideration of love and affection for Stephen Gonzalez and of one dollar executed a conveyance of land in 1877 to Walter Rutherford, Trustee, "to have and to hold the said property to the said trustee and his heirs upon trust that the said trustee and his heirs shall permit the said Stephen Gonzalez to occupy, enjoy and possess during the term of his natural life, if he do not survive to the age of twenty-one years. If the said Gonzalez do survive to the age of twenty-one years, then the said Trustee shall convey to him the before mentioned property subject to the condition that if the said Gonzalez have heirs of his body in being at the time of his death, the said property shall descend in due course to said heirs, but if at the time of his death, he have no heirs of his body in being, then if the (grantor) be living, the said property shall revert to, and the title thereof revert in the (grantor), or, if at said time the said (grantor) shall have departed this life, then the said property shall belong to" two religious bodies. It also appears that Stephen Gonzalez became twenty-one years of age prior to October 26th, 1886, when he married, and that a son, the plaintiff in error, was

born to him September 24th, 1889; that on June 8th, 1887, Margaret E. King and Stephen Gonzalez and wife conveyed the land to the predecessor in title of the defendant in error. Stephen Gonzalez died in 1909, and his only son, the plaintiff in error, brought ejectment to recover the property.

The question to be determined is the character of the estate in the land that was taken by Stephen Gonzalez under the conveyance by Margaret E. King to Walter Rutherford, Trustee, it being assumed by the parties that Rutherford made the conveyance to Stephen Gonzalez as directed by the trust conveyance to him.

Stephen Gonzalez having attained the age of twenty-one years, the important consideration is what estate in the land should have been conveyed to him by the Trustee Rutherford.

The direction to "convey to him (Gonzalez) the before mentioned property subject to the condition that if the said Gonzalez have heirs of his body in being at the time of his death, the said property shall descend in due course to said heirs," clearly indicates an intention that Stephen Gonzalez upon becoming of age should have the property absolutely if he should "have heirs of his body" to whom "the said property shall descend in due course" at his death. The property could "descend in due course to said heirs" only through Stephen Gonzalez, and it could not so descend unless he takes an estate of inheritance by the conveyance to him made under the direction that "the said trustee shall convey to him the before mentioned property." If the estate taken by Stephen Gonzalez is merely a conditional fee, he did attain the age of twenty-one years and did have at his death an heir of his body to whom the property could "descend in due course."

If he had an estate of inheritance, he could dispose of it, subject to such conditions as may have lawfully attached to it under the trust deed, and as at the time of his death he had an heir of his body, a conveyance made by him after becoming of age, carried a title that inured to the grantee and became absolute upon the death of Gonzalez leaving an heir of his body. This construction put upon the trust deed would effectuate the manifest intent of Margaret E. King in making the trust deed, and it does not violate any rule of property.

The provision "but if at the time of his said death, he have no heirs of his body in being, then if the (grantor) be living the said property shall revert to" her, does not reduce the state of inheritance taken by Stephen Gonzalez under the previous terms of the trust deed, to a life estate. In requiring that "the said trustee shall convey to him the ——————— property subject to the condition that if the said Gonzalez have heirs of his body in being at the time of his death, the said *property shall descend in due course* to said heirs," an estate of inheritance subject to the condition was provided for, and the fee became absolute by the happening of the specified condition. The legal effect of the language used was not to provide a life estate in Stephen Gonzalez since it provided for an estate that "shall descend in due course to said heirs," meaning the heirs of the body of Stephen Gonzalez which is an estate of inheritance. See Watts v. Clardy, 2 Fla. 369; Russ v. Russ, 9 Fla. 105; Hamilton v. Tidwell, 131 Ky. 428, 115 S. W. 204, 29 L. R. A. (N. S.) 961 and notes; Rowland v. Warren, 10 Or. 129.

When the trust deed is considered as a whole, it is obvious that Margaret E. King intended the property to be for the benefit of Stephen Gonzalez. Before the age

of twenty-one years he was to have the use and benefit of the property. After becoming of age, the property was to be conveyed to him subject only to the condition that if Gonzalez has heirs of his body in being at his death, the property should "descend in due course to said heirs." This is equivalent to a conveyance to Gonzalez and the heirs of his body living at his death, which is a conditional fee carrying the right to alienate the property, the title becoming absolute when Gonzalez died leaving an heir of his body who could have inherited the property if it had not been conveyed by the ancestor after he became of age.

There was apparently no intention to create a new estate in the heirs of the body of Stephen Gonzalez; and the law does not give to the language used the effect of carrying to the heirs of his body an estate by purchase through the trust deed as distinguished from an inheritance through the ancestor of Stephen Gonzalez. The heirs could inherit only through an estate of inheritance in Stephen Gonzalez; and if he had an estate of inheritance he could convey it, the conditional fee becoming absolute upon the death of Stephen Gonzalez leaving an heir of his body.

After becoming of age Stephen Gonzalez and his wife joined Margaret E. King in conveying the property to the predecessor in title of the defendant in error. This carried an estate of inheritance from Stephen Gonzalez to the grantee which became absolute in such grantee or his successors in title upon the death of Stephen Gonzalez in 1909, leaving an heir of his body who could have inherited the property if it had not been conveyed by the ancestor.

The apparent intent and the legal meaning and effort of the trust deed are to provide that Stephen Gonzalez should have the use and benefit of the property until he became of age, then the property should be conveyed to him by the trustee subject to the condition that if he died without heirs of his body then living, the property should go as further directed. Stephen Gonzalez attained the age of twenty-one years and was then entitled to a conveyance of the property subject to be defeated if he had no heirs of his body living at his death. He died leaving an heir of his body, which removed the condition, and at his death an estate of fee simple absolute was in him to "descend in due course to said heir," unless he had lawfully disposed of it by deed or will. He has conveyed the property by deed after becoming of age, but before he had an heir of his body upon whom the property would "descend in due course," which conveyance was subject to the condition that if Stephen Gonzalez should die leaving no heir of his body, the property should revert to Margaret E. King if then living, or if she "shall have departed this life, then the said property shall belong to" others. At the death of Stephen Gonzalez his son was living and this made the estate of inheritance absolute in him, which inured to those who had received title through his conveyance.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.