Moran v. Moran.

---

EDWARD E. MORAN, APPELLANT, v. ROBERT C. MORAN ET AL., APPELLEES: CAMDEN J. GARLOW ET AL., APPELLANTS.

FILED JUNE 2, 1917. No. 19458.

1. **Common Law:** LAW OF STATE. Any provision of the common law of England that is inconsistent "with any law passed or to be passed by the legislature of this state" is not made the law of this state by section 3697, Rev. St. 1913.

2. **Deeds:** CONSTRUCTION. Every instrument conveying real estate or interest therein must be construed so as "to carry into effect the true interest (intent) of the parties, so far as such intent can be collected from the whole instrument," if the intent is not an unlawful one. Rev. St. 1913, sec. 6195. This applies to deeds as well as other instruments, and so far abrogates the rule in Shelley's case.

3. ———: ———: LIFE ESTATE. Applying these rules, the granting clause of the deed involved in this case is construed to convey to the grantee a life estate with remainder to his heirs.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Albert & Wagner* and *Garlow & Long,* for appellants.

*A. M. Post* and *M. Whitmoyer, contra.*

*J. J. Thomas* and *Edwin Vail, amici curiæ,* on rehearing.

SEDGWICK, J.

On the trial of this case in the lower court the deeds involved were construed to convey life estates only. The plaintiff and cross-petitioner now contend that these deeds conveyed a title in fee to the grantees named therein. The cross-petitioner Garlow refers in his brief to some former decision of the district court as a bar to this action, but as no such decision is alleged in the pleadings, and no serious discussion is given it, and both the plaintiff and the cross-petitioner devote their discussion entirely to the construction of the deeds involved, we conclude, as stated by the defendants, that the decision of the district court rests entirely upon the proper construction of the deeds. The following is the granting clause of the deed to be construed:

"Grant, bargain, sell, convey, and confirm unto R. C. Moran, of Platte county, Nebraska, the following described real estate situated in the county of Platte, and state of Nebraska, to wit: (describing the land) Subject however to the following conditions: First, that the said R. C. Moran shall have, hold, use, occupy, and enjoy the aforesaid premises with all rents, issues, profits, and proceeds arising therefrom, for his own use and benefit, shall have authority to lease said premises, but shall not bargain, sell, or mortgage said premises during his natural lifetime, but upon his death said premises shall be the property of his lawful heirs. Second, that said R. C. Moran shall pay to the said Robert Moran from the proceeds of said premises $50 each and every year during the natural life of said Robert Moran. Together with all the tene-

ments, hereditaments, and appurtenances to the same belonging, and all the estate, right, title, interest, dower, claim or demand whatsoever of the said Robert Moran and Sarah Moran of, in, or to the same, or any part thereof."

There is some discussion in the briefs as to whether the rule in Shelley's case has any force in this state, but it is not necessary to determine what force, if any, that rule has with us. The cross-petitioner, as was done in *Albin v. Parmele*, 70 Neb. 740, quotes extensively from the courts of the different states as to the effect of the rule in Shelley's case in those states respectively. In Pennsylvania it was said: "The rule in Shelley's case is a rule of law, not a rule of construction, and where a case falls within it, it applies inexorably without reference to intent." *Shapley v. Diehl*, 203 Pa. St. 566. And in Tennessee: "The rule in Shelley's case was brought over by our ancestors, formed part of the colonial laws, and, until abrogated by statutory enactment, must continue to be law in Tennessee." *Polk v. Faris*, 30 Am. Dec. 400 (9 Yerg. (Tenn.) 209).

In so far as the decision of the case at bar is concerned, we might concede that the rule in Shelley's case would continue and be the law in Nebraska, "unless abrogated by statutory enactment." It is difficult to determine the origin of that rule. It probably arose out of some peculiarities of the law of feudal tenures in England a good many hundred years ago. Our statute provides: "So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed or to be passed by the legislature of this state, is adopted and declared to be law within the state of Nebraska." Rev. St. 1913, sec. 3697. By section 6195, Rev. St. 1913, it is provided: "In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice

to carry into effect the true interest (intent) of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law." This latter statute has been construed by this court in *Rupert v. Penner,* 35 Neb. 587; *Albin v. Parmele, supra; Benedict v. Minton,* 83 Neb. 782, and in other cases. In *Albin v. Parmele, supra,* there is quite an exhaustive discussion of the subject in an opinion by Mr. Commissioner Ames, and, unless that is to be overruled, it must be decisive of this case. Two of those above cited cases of this court discussed the construction of granting clauses in deeds, and one construed such clause in a will, and it is suggested in the brief that a different rule might obtain in the construction of deeds, but section 6195, Rev. St. 1913, applies to every "creation or conveyance of any real estate, or interest therein," and, as pointed out in *Albin v. Parmele, supra,* wills in some instances are not as deliberately executed as are deeds in general, and therefore the effect of the use of technical terms in wills may not always have the same force as the use of similar terms in deeds might have in ascertaining the "true intent of the parties;" but, in any event, in both cases we are required to ascertain that intent from the whole instrument. It is said in one of the briefs that the rule in Shelley's case is the law, and any intent that is inconsistent with the law cannot be enforced by the very terms of the statute quoted. This suggestion is answered in *Albin v. Parmele, supra,* with the suggestion: "That which the statute expressly requires shall be consistent with the general rules of law is not the construction of the instrument, but the intent of the parties. * * * It cannot be pretended that an intent to limit a remainder in fee to the heirs at law of one to whom is given the precedent freehold is inconsistent with any general rule of law."

The language of the granting clause of this deed so plainly shows an intent of the grantor to convey to the grantee a life estate with the remainder to his heirs that it cannot be said that the language needs any construc-

tion. This language was correctly construed by the district court, and the judgment is

AFFIRMED.

The following opinion on motion for rehearing was filed October 13, 1917. *Remanded for further proceedings on question of partition of life estates.*

SEDGWICK, J.

The briefs upon the motion for rehearing by the appellants and by members of the bar who have appeared as friends of the court thoroughly present some of the questions involved in this case, from which it appears that our former decision, *ante,* p. 386, may be misunderstood or misleading, and some further explanation seems appropriate.

1. It is earnestly contended by appellants that "the conclusion reached by this court is in direct conflict with the doctrine announced in that case (*Loosing v. Loosing,* 85 Neb. 66), but that is not overruled, distinguished, or even referred to in the opinion." In the case referred to the court, in discussing the principle that, "if a testator in his will devises an estate in fee simple, a subsequent clause attempting to devise over any part of that estate is void," used the following language: "The difficulty arises in applying the rule to the facts in the particular case. The rule does not of necessity apply merely for the reason that the first clause considered by itself might be construed as conveying a fee simple. The later clause, or clauses, may be read in connection with the first one for the purpose of advising the court whether it actually did transfer the fee." This expresses a familiar principle of construction, and we intended to apply it in the case at bar. In the *Loosing* case the will gave absolutely to each of several children certain described real estate, and then, after various other provisions, contained the following clause: "I want it distinctly understood that the property I have herein bequeathed to my two sons and one daughter that they shall not have the right to dispose or mortgage same,

but it shall be handed down to their children." In commenting upon this peculiar provision the court said: "If the testator intended that William, Fred and Louise (the children to whom the land had been devised in the will) should only take a life estate, a remainder could not descend or 'be handed down' from them, and their children could not receive an estate, except from the testator and through his will, and he nowhere in that instrument devises anything to the children of his children."

The language of the deeds construed in the case at bar is essentially different in two particulars: (1) It is quoted in our former opinion, and it will be observed that in connection with the granting clause and as a part thereof are the words "subject, however, to the following conditions." Then follows specifically the conditions of the grant, from which it plainly appears that the grant was not absolute. (2) The conveyance also contained the following words: "Upon his death (that is the grantee named) said premises shall be the property of his lawful heirs." These words passed the title in the remainder directly from the grantor to the lawful heirs by the force of the deed itself. The title in the remainder therefore does not pass through the grantee in the deed, but from the grantor himself, which is considered of vital importance in construing the conveyance in the *Loosing* case.

2. The appellants and the friends of the court strongly contend that our former opinion is wrong in not recognizing "the rule in Shelley's case as a part of the law in this state." It is insisted that the quotation in our former opinion from *Albin v. Parmele,* 70 Neb. 740, in regard to the rule in Shelley's case, should not be "invoked for the purpose of ascertaining the intention of the grantor," and therefore should not be considered as abrogated or affected by our "intent" statute. Judge J. J. Thomas and his partner, Edwin Vail, as friends of the court, have filed an exhaustive and interesting brief upon this question. The history of the rule in Shelley's case is given, and many authorities are cited which seem to support the view

contended for. Among them are Judge Cooley in his edition of Blackstone's Commentaries, 1 Blackstone's Commentaries (4th ed.) Book 2, *172, note 2; 1 Fearne, Contingent Remainders (4th Am. ed.) 85, 86; 4 Kent, Commentaries, *215; *Hamilton v. Sidwell,* 131 Ky. 428, 29 L. R. A. n. s. 961, and note; *Perrin v. Blake,* 10 Eng. Rul. Cas. 689; *Baker v. Scott,* 62 Ill. 86; *Starnes v. Hill,* 112 N. Car. 1; *Doyle v. Andis,* 127 Ia. 36. In our former opinion it was said: "We might concede that the rule in Shelley's case would continue and be the law in Nebraska, 'unless abrogated by statutory enactment.'" If the discussion in that opinion following this statement indicates that we consider that the rule in Shelley's case is abrogated in whole or in part by the "intent" statute (Rev. St. 1913, sec. 6195) we desire to modify that opinion in that respect, as it is not necessary in this case to determine that question.

3. It is now urged that in any case the parties are entitled to have a partition of their life estates, and that we should have reversed and remanded the case for that purpose. The original briefs of appellants and cross-appellants do not comply with rule 12 (94 Neb. XI), and we have not observed that they discuss or mention any right of partition of life estates. These estates were separate under the conveyances to them, and, if they have been united by the acts of the grantees, they might very well waive the question of their right to have the court adjudicate their rights as against each other. Ordinarily questions not discussed in the briefs are considered waived. We do not ordinarily reinvestigate the record upon motion for rehearing for the purpose of determining questions not presented in the briefs upon the hearing of the case. As we try equity cases *de novo,* we will not now determine the right of partition of the life estates, and this decision will not be a bar to further proceeding for that purpose, if it should be found necessary.

The motion for rehearing is overruled, reserving the question of partition of the life estates, and the cause is

remanded to the district court for further proceedings upon that question.

JUDGMENT ACCORDINGLY.