CHARLES A. KLUGE, APPELLANT, v EMMA KLUGE ET AL.,
APPELLEES.

FILED MAY 17, 1919. No. 20993.

Wills: DEVISE: CONSTRUCTION. A devise to A of a designated tract of
land "in Lancaster county, state of Nebraska, to remain his and
all benefits of same, and not to be transferred by him while he
lives, and at his death to go to his wife and children," is con-
strued to convey a life estate to A, with remainder over to his
wife and children.

APPEAL from the district court for Lancaster county:
FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Dexter F. Barrett,* for appellant.

*W. T. Thompson, contra.*

LETTON, J.

This is an action to quiet title to certain land in
Lancaster county. Plaintiff claims to be the owner in
fee simple of the land by virtue of a certain devise in
the will of Wilhelmina Kluge, deceased. Being pre-
sented in the form of a case stated, the appeal has
been advanced under rule 14 of the supreme court
(94 Neb. XIII).

The stated case shows that plaintiff is a son and heir
at law of the testatrix, Wilhelmina Kluge, deceased;
that by her last will and testament she provided as
follows: " 'Second. After the payment of such fu-
neral expenses and debts I give, devise and bequeath to
my son Charles Kluge, the old home place known as the
southwest quarter (SW¼) of the northwest quarter
(NW¼) of section 33-9-7, containing forty acres (40)
in Lancaster county, state of Nebraska, to remain his
and all benefits of same, and not to be transferred by
him while he lives, and at his death to go to his wife
and children.'

"That the plaintiff, Charles A. Kluge, and the defendant, Emma Kluge (his wife), testified, in substance, that the testatrix, Wilhelmina Kluge, intended to give them all of said land, and did not intend to tie them up in handling it and making it a hardship on them, and that it would work a great hardship upon plaintiff and his family to be limited or restrained as to this land; that they desired to be put in position to dispose of the land and get a larger farm, so that their growing boys might be able to farm and stay on the farm."

Upon these facts the trial court found that the plaintiff took a life estate only, that the remainder in fee simple vested in the defendants, and rendered judgment accordingly.

Section 6191, Rev. St. 1913, provides: "The term 'heirs,' or other technical words of inheritance, shall not be necessary to create or convey an estate in fee simple." This statute applies to wills as well as to deeds. *Little v. Giles*, 25 Neb. 313; *Schnitter v. McManaman*, 85 Neb. 337.

Section 1287, Rev. St. 1913, is as follows: "Every devise of land in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will, that the devisor intended to convey a less estate." Under these provisions the first portion of the second paragraph of the will, if it stood alone, would be sufficient to devise an estate in fee simple, the word "heirs" not being necessary in order to create a fee.

It is argued that, since the estate first granted was a fee simple, subsequent clauses cannot operate to cut it down, citing *Loosing v. Loosing*, 85 Neb. 66.

Section 6195 Rev. St. 1913, provides that as to such an instrument, "It shall be the duty of the courts of justice to carry into effect the true intent of the parties, so far as such intent can be collected from the

whole instrument, and so far as such intent is consistent with the rules of law.''

It is also argued that the intent mentioned in this statute must be consistent with the rules of law governing the construction of wills, and that the principle above stated applies. A similar argument was made in *Albin v. Parmele,* 70 Neb. 740, but it was met in the opinion as follows: ''That which the statute expressly requires shall be consistent with the general rules of law is not the construction of the instrument, but the intent of the parties. In a general sense, doubtless, the construction must also have a like consistency. That is to say, the language used in the instrument will be understood as intended to express a lawful purpose, rather than an unlawful one, and technical words and phrases will, in the absence of anything indicative of the contrary, be presumed to have been chosen for their technical meaning; but nevertheless in instruments, especially wills, which are often drawn by persons not 'learned in the law,' language such as is in common use will be presumed to have been employed in its ordinary and popular sense. It follows that if such language, manifestly so used, is inconsistent with the technical signification of particular words and phrases, the former ought, so far as it is necessary to effect the 'true intent' of the parties or testator, to prevail over the latter.''

As a part of the devising sentence are found the words limiting and defining the extent of the devise: ''And not to be transferred by him while he lives, and at his death to go to his wife and children.'' The contiguity and sequence of these words to the words of devise to the son show that the testatrix had in mind the interests of his wife and children, and intended to grant him only a life estate, with remainder over to them. We find ample authority in our previous decisions for arriving at this conclusion.

In *Schimpf v. Rhodewald,* 62 Neb. 105, the will was written in German. The translation recorded in the probate court was as follows: "I, Christian Ertman Schimpf, do will and bequeath to my wife, Frederike Schimpf, all my property. She has entire control over the same after my death so long as she lives. That is my will. In testimony whereof I have hereunto set my hand." This was held to convey a life estate only to the widow.

In *Little v. Giles,* 25 Neb. 313, the will gave the widow the entire estate, "the same to remain hers, with full power, right and authority to dispose of the same as to her shall seem most meet and proper, so long as she shall remain my widow, upon the express condition, however, that if she shall marry again, then it is my will that all of my estate herein bequeathed, or whatever may remain, shall go to my surviving children." The question in the case was whether conveyances executed by the widow during widowhood were valid, and not whether the devise over was void. It is pointed out by Commissioner Ames in *Schimpf v. Rhodewald, supra,* that the supreme court of the United State in *Roberts v. Lewis,* 153 U. S. 367, involving the same will, evidently took the view that the widow took a life estate only, and that the devise over was not void for repugnancy.

In *Moran v. Moran,* 101 Neb. 386, a deed conveyed land to R. C. Moran subject to the following conditions: "That the said R. C. Moran shall have, hold, use, occupy, and enjoy the aforesaid premises with all rents, issue, profits, and proceeds arising therefrom, for his own use and benefit, shall have authority to lease said premises, but shall not bargain, sell or mortgage said premises during his natural lifetime, but upon his death said premises shall be the property of his lawful heirs. * * * Together with all the tenements, hereditaments and appurtenances to the

same belonging, and all the estate, right, title, interest, dower, claim or demand whatsoever of the said Robert Moran and Sarah Moran of, in, or to the same, or any part thereof." This was held to convey a life estate, with remainder to the heirs of grantee.

Appellant relies largely upon the case of *Loosing v. Loosing*, 85 Neb. 66. When the facts in that case are considered, the decision is not inconsistent with the holding here. It is pointed out in *Moran v. Moran*, supra, that in that case, "The title in the remainder therefore does not pass through the grantee in the deed, but from the grantor himself, which is considered of vital importance in construing the conveyance in the *Loosing* case." This is the fact in the case under consideration. *Schnitter v. McManaman*, 85 Neb. 337, is also easily distinguishable upon its facts.

Appellant has cited cases from other states taking a contrary view, but we believe the true intent of testators in the disposition of their property will be more nearly reached by adhering to the views expressed in *Albin v. Parmele*, supra, and the other cases cited.

AFFIRMED.

MORRISSEY, C. J., not sitting.