CHARLES T. BURCHARD, EXECUTOR, APPELLEE, V.
CHARLES H. WALTHER, APPELLANT.

FILED MAY 3, 1899.          No. 8869.

Deed: RESERVATION: CONSTRUCTION. A reservation in a deed is ineffectual to create title in a stranger to the conveyance, but may, when so intended by the parties, operate as an exception to the grant.

APPEAL from the district court of Richardson county. Heard below before STULL, J. *Reversed.*

*F. Martin*, for appellant.

References: *Craig v. Wells*, 1 Kern. [N. Y.] 323; *Hornbeck v. Westbrook*, 9 Johns. [N. Y.] 73; *Pinkham v. Pinkham*, 55 Neb. 729.

*C. Gillespie* and *Edwin Falloon*, contra.

References: *Hildreth v. Eliot*, 25 Mass. 296; *Martin v.*

*Cook*, 60 N. W. Rep. [Mich.] 679; *Hurd v. Hurd*, 20 N. W. Rep. [Ia.] 740; *Bassell v. Budlong*, 43 N. W. Rep. [Mich.] 984; *Richardson v. Palmer*, 38 N. H. 212; *Pool v. Blakie*, 53 Ill. 495; *Riggin v. Love*, 72 Ill. 553; *Bodine v. Arthur*, 14 S. W. Rep. [Ky.] 904; *Smith v. Brown*, 1 S. W. Rep. [Tex.] 573; *Eisley v. Spooner*, 23 Neb. 470; *Rupert v. Penner*, 35 Neb. 588; *McCulloch v. Valentine*, 24 Neb. 216; *Jackson v. Phillips*, 57 Neb. 189; *Foxcroft v. Mallett*, 4 How. [U. S.] 370; *Trafton v. Hawes*, 102 Mass. 533; *Viney v. Abbott*, 109 Mass. 300; *Walworth v. Abel*, 52 Pa. St. 370; *Williams v. Sneed*, 3 Coldw. [Tenn.] 533; *Persse v. Persse*, 7 Cl. & Fin. [Eng.] 279; *Stewart v. Stewart*, 6 Cl. & Fin. [Eng.] 911; *Issitt v. Dewey*, 47 Neb. 196; *Brittain v. Work*, 13 Neb. 347; *Wait v. Baldwin*, 27 N. W. Rep. [Mich.] 697; *State v. Davis*, 96 Ind. 539; *Singer v. Scheible*, 10 N. E. Rep. [Ind.] 616; *Spencer v. Robbins*, 5 N. E. Rep. [Ind.] 726; *Pinkham v. Pinkham*, 55 Neb. 729; *Hayden v. Hale*, 57 Neb. 349.

NORVAL, J.

This action was instituted in the court below by Catherine Walther to have adjudicated whether she possessed a life estate in the undivided one-third of certain portions of lots 7 and 8, in block 58, in Falls City, and to recover the value of one-third of the rents of such real estate. On the trial a decree was entered in her favor as prayed, and for the sum of $72 as rents. The defendant appeals. Subsequently plaintiff died, and the cause has been revived in this court in the name of Charles T. Burchard, executor of her last will and testament. There is no controversy over the facts, and they may be briefly summarized as follows: On May 10, 1883, one J. P. C. Walther, being the owner of the real estate in controversy, executed and delivered to his granddaughter, Julia E. C. Walther, without any compensation therefor, a warranty deed for the land, containing this clause: "Said J. P. C. Walther reserves possession and life estate in the premises during his natural life, and his son, Charles F. Walther, after

him, and to Catherine, wife of Charles F. Walther, one-third of said interest during her life, in case she survives both J. P. C. Walther and C. F. Walther." This deed was recorded April 3, 1889. The said J. P. C. Walther, on June 10, 1885, executed another voluntary conveyance to the same property to his said granddaughter, she in the meantime having married one Jacob B. Lippold. This deed stipulated that the grantor, "J. P. C. Walther, reserves his life estate, possession, rents, and profits during his natural life; after his demise C. F. Walther shall have all the rights reserved for J. P. C. Walther, and if C. F. Walther's wife, Catherine, shall survive both J. P. C. Walther and C. F. Walther, she shall have one-third of the interest so reserved during her natural lifetime only." This deed was placed on record on May 10, 1887. The grantor remained in the possession and occupancy of the premises from the date of the execution of the first deed until April 5, 1889. On said last-named date the grantee in both of said deeds, with her husband, executed and delivered a quitclaim deed to the property to said J. P. C. Walther, who on April 8, 1889, made a warranty deed of the premises in controversy to the defendant herein, Charles H. Walther, which was recorded on the same day. Charles F. Walther named in the two deeds first above mentioned, as well as the grantor, J. P. C. Walther, died prior to the bringing of this suit, and it is asserted that a contingent estate in the property was vested in the said Catherine Walther by reason of the provision in said deeds already quoted, which contingent estate, it is claimed, became absolute upon the death of the said J. P. C. and Charles F. Walther.

The important question presented is whether the deeds executed by the said J. P. C. Walther to his granddaughter conveyed a contingent estate in the property to the said Catherine Walther. If any estate passed to her, it was by virtue of the clauses in the deeds heretofore quoted. It will be observed that in each instrument possession of the property, and a life estate therein, were re-

served in the grantor, and also there was a reservation, or exception, in favor of Catherine Walther of "one-third of said interest during her life, in case she survives both J. P. C. Walther and C. F. Walther." This provision created no present estate in Catherine Walther, which proposition no one will dispute. Neither was a contingent interest in the property conveyed to her. She was not a party to either deed, but was an entire stranger thereto. J. P. C. Walther was the sole grantor, and his granddaughter, Julia, was the only grantee. A reservation in a deed must be to the grantor, or to one of them, where there are two or more, but an estate cannot be created in a stranger to a deed by a reservation or recital therein. (9 Am. & Eng. Ency. Law [2d ed.] 142; *Whitlock's Case*, 8 Coke [Eng.] 71; *Hall v. Hall*, 66 Miss. 35; *Gould v. Howe*, 131 Ill. 496.) But if the clause in each deed should be construed as an exception, and not as a reservation, plaintiff would be in no better situation, for an exception in a deed is nothing more than a qualification, by which some part of the estate is not conveyed, which would have passed to the grantee but for the exception. (*Case v. Haight*, 3 Wend. [N. Y.] 635; *Biles v. Tacoma, O. & G. H. R. Co.*, 5 Wash. 511.) "Exceptions and reservations are created by and for the benefit of a grantor or his heirs and not for a stranger." (6 Am. & Eng. Ency. Law [2d ed.] 515, and cases there cited.) The cases cited in brief of counsel for plaintiff are not in conflict with what we have stated the rule to be. We will briefly refer to the leading authorities called to our attention.

In *Hurd v. Hurd*, 20 N. W. Rep. [Ia.] 740, a reservation in the deed of a grantor of "a life estate from year to year" during the natural life of herself and husband was held to be a reservation of an estate continuing during their joint lives. That was a contest between the grantor and grantee. It is an authority for the position that a contingent life estate vested in the husband of the grantor.

In *Bassett v. Budlong*, 43 N. W. Rep. [Mich.] 984, a hus-

band quitclaimed his farm to his wife, with a reservation that no conveyance should be made by her without his written consent, or his joining, and that the title should revert to the husband on the death of the wife. It was held, from the face of the deed and surrounding circumstances, that the effect of the reservation was to leave the title to the survivor.

The decision upon which most reliance is placed by the plaintiff is *Martin v. Cook*, 60 N. W. Rep. [Mich.] 679. There the clause was inserted in the deed made by William H. Martin, reserving to the grantor and his daughter named an estate for the lives of both in the property. The clause was held as constituting an exception to the grant in the deed; in other words, that the fee passed to the grantee by the deed subject to an estate for the lives of both the grantee and his daughter. But the court did not decide in that case that the deed passed to the daughter a contingent life estate in the property and that the same became absolute on the death of the father. The *quantum* of the estate which passed to the grantee was determined. McGrath, C. J., in delivering the opinion of the court, observed: "The language here used must, we think, be treated as excepting from the grant the use and enjoyment of the land conveyed during the lives of both father and daughter, as effectually as though that reservation had been for a fixed term of years, extending beyond the life of the father, and at the death of the father, the right to that use for the unexpired portion of the period must be held to have descended to the heirs of William H. Martin. This construction gives to the grantee the estate which both parties to the instrument evidently intended that he should take. It does not appear from the record that petitioner is the sole heir. The record will therefore be remanded, with directions to set aside the order heretofore entered, for the proper determining that question, and the entry of an order, after such hearing, in accordance with this opinion." It is clear from the language

quoted that the daughter acquired no life estate by virtue of the reservation in the deed, but that as an heir of the grantor, on his death, she took an interest in the estate excepted from the grant. Applying the principle underlying this decision to the case at bar, plaintiff is not entitled to recovery. J. P. C. Walther conveyed to his granddaughter by the two deeds the fee subject to the estate for the lives of the grantor and Charles F. Walther and Catherine Walther, which estate was expressly excepted and reserved from the grant. But as Charles F. and Catherine Walther were strangers to the conveyance, the reservation in their favor was void, and no estate, contingent or otherwise, passed to them, but the estate excepted from the grant remained in the grantor, J. P. C. Walther, and when his granddaughter reconveyed the property to him, he became vested with the entire estate or title, and the same passed to the defendant by the deed from J. P. C. Walther to him. It follows, from the construction we have given the clauses contained in the deeds under which Catherine Walther claims, the decree should be reversed and the cause remanded.

REVERSED AND REMANDED.