E. S. JOSEPHINE TAYLOR, APPELLANT, v. W. E. HARVEY ET AL., APPELLEES.

FILED FEBRUARY 10, 1912.    No. 16,841.

1. **Mortgages:** FORECLOSURE: CONVEYANCES AS ONE TRANSACTION. A deed from T. to H. and from H. to S., and a mortgage from H. to the husband of T. for a part of the consideration for the deed, with an assignment to T. by her husband, the deed from H. to S. being expressly subject to the said mortgage, all executed at the same time, will be presumed to constitute one transaction, the purpose being to convey the land to S. by T. and take a mortgage lien upon the land for a part of the purchase price, there being no other explanation of the transaction, and no evidence to the contrary.

2. ———: ———: CROSS-DEMANDS. Section 106 of the code requires that, when cross-demands exist at the same time, they must be held to compensate each other so far as they are equal; and this principle will be applied by courts of equity when conditions require it in order to do equity between the parties.

APPEAL from the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*L. L. Raymond, James E. Philpott* and *R. C. Hunter,* for appellant.

*William Morrow, contra.*

Sedgwick, J.

On the 14th day of September, 1908, this plaintiff conveyed to the defendant W. E. Harvey a tract of land in question, and as part of the purchase price Mr. Harvey and his wife executed and delivered to plaintiff's husband, A. O. Taylor, a mortgage on the same land, and at the same time the plaintiff's husband assigned and delivered the mortgage to the plaintiff, and the defendant Harvey conveyed the land to the defendant corporation subject to the said mortgage. These instruments, all being executed on the same day, are presumed to be executed as a part of the same transaction, nothing appearing in the abstract to the contrary. The deed from the plaintiff to Mr. Harvey contained the usual covenant against incumbrances, and at the time it was executed and delivered the land was subject to a lien for irrigation taxes. The mortgage contained a stipulation that the mortgagor would pay all taxes thereafter assessed against the land, and that in event he failed to do so the whole sum secured by the mortgage should at once become due and payable. The mortgage by its terms would become due in March, 1916. The taxes of 1908 became a lien upon the land and became due and payable, and the plaintiff began this action to foreclose the mortgage, and declared the whole amount due on account of the default of the defendants in paying the general taxes that had become due. The irrigation taxes, which constituted an incumbrance upon the land when the plaintiff deeded the same, were much more than the general taxes that accrued thereafter for which the mortgagor was liable, and the trial court offset the general taxes against the irrigation taxes, and rendered a judgment in favor of the defendants and against the

plaintiff for the difference, and dismissed the plaintiff's action for a foreclosure of her mortgage. The plaintiff has appealed.

The plaintiff contends in the brief that the existence of the irrigation taxes against the land at the time she conveyed the same, with covenants against incumbrances, constituted a breach of that covenant at the time the deed was made, and that this became a claim against the plaintiff in favor of the defendant Harvey, and that, as Harvey has conveyed the land to the defendant corporation, defendant cannot now avail itself of the plaintiff's breach of the covenant against incumbrances as a defense in this action. The deeds and the mortgage and the assignment of the mortgage, as before stated, were made at the same time, and presumably as a part of the same transaction, for the purpose of transferring the land to the irrigation company, with a mortgage lien to the plaintiff for the unpaid purchase price. The plaintiff in her reply asks the court to treat these respective claims as arising out of the same transaction, and as properly compensating each other, in the following allegation: "Plaintiff offers to allow to be deducted from the amount found due plaintiff here any sum which may be adjudged by the court as legally due from her as taxes on the said premises or any part thereof, or to pay the same into court as by the order of the court made therein, upon the payment of the amount due her on said note and mortgage." The plaintiff's husband manifestly had no interest in the transaction, except such incidental interests as arise from marital relations, and all of the parties interested were before the court in an equitable proceeding in which the court was asked by the plaintiff to adjust the matters existing between them. This the court did, and we think, in any view of the legal questions that are discussed in the briefs, this action of the court was right. When this action was begun both of these claims for taxes existed at the same time, and should in equity be held to compensate each other, as provided in section 106 of the code. Under these circumstances the

defendant cannot be said to be in default for not having paid the general taxes; the plaintiff's action was prematurely brought, and for that reason properly dismissed. This dismissal will not bar another action upon default in the conditions of the mortgage.

The judgment of the district court is

AFFIRMED.