CLINTON JOY SUTPHEN, APPELLANT, V. GEORGE A. JOSLYN, APPELLEE.

FILED JANUARY 31, 1913. No. 16,634.

1. **Judgment: CONCLUSIVENESS: INFANTS.** If an action is properly and regularly brought to quiet title in real estate, and some of the defendants are minors, and service is made as the statute requires, a guardian *ad litem* being appointed for such minors who performs all duties required by the statute, and in good faith presents and protects their rights, the decree rendered upon regular proceedings and trial determines the rights of the minors as well as those of adults.

2. ――――: ――――: **FRAUD.** J. contracted to purchase land from S., and paid a part of the purchase price. He then discovered that the title of S. in the land had been questioned and refused to complete the purchase. It was then agreed between the parties that S. should bring an action to quiet his title, and, if successful, J. should complete the purchase. *Held*, That, there being no evidence of bad faith in the matter, such agreement did not render the decree in the action so brought invalid as constructively fraudulent.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, LEE S. ESTELLE and WILLIS G. SEARS, JUDGES. *Affirmed.*

*Rich, O'Neill & Gilbert,* for appellant.

*John C. Cowin* and *J. J. Sullivan, contra.*

BARNES, J.

The plaintiff in the court below, now the appellant, commenced this proceeding to have vacated and set aside a certain decree of the district court for Douglas county rendered on the 10th day of July, 1893, against the plaintiff and others, then minors, in an action brought by De-Witt C. Sutphen and Charles D. Sutphen, grandfather and father of the plaintiff, respectively, against George A. Joslyn, seeking to compel Joslyn to specifically perform his contract of purchase from the Sutphens of a certain

five-acre tract of land situated in the city of Omaha, now occupied by Joslyn as his residence. It appears that in the suit in question, it became necessary to determine whether the plaintiffs in that case, the grandfather and father of the plaintiff herein, or this plaintiff, together with his minor brother and sister, held the fee title to the property above mentioned. This question in turn necessitated the construction of a certain will of Emily M. Sutphen, the grandmother of this plaintiff, and the wife and mother, respectively, of the plaintiff in. the former suit. It further appears that this plaintiff and his minor brother and sister were made defendants in that action, and a guardian *ad litem* was duly appointed to defend them. The proper answer was filed for them, and the questions involved were duly litigated. The district court decided that the plaintiffs in that suit, under the will above mentioned, took the fee simple title to the land in question, that this plaintiff and his brother and sister took nothing, and thereupon decreed a specific performance of the contract of sale between the elder Sutphens and the defendant Joslyn.

The plaintiff in the present action, more than one year after having attained his majority, brought this suit in the nature of an original bill in equity to have that decree set aside, and for a new trial. Upon a trial of the issues joined the district court dismissed the plaintiff's petition, and from that judgment the plaintiff has prosecuted this appeal.

It is argued that there was fraud in procuring the decree of July 10, 1893. In the present action the district court found specifically that there was no fraud in the decree in question, and from a careful reading of the record we are of opinion that no other finding could have been made.

It appears, without dispute, that on the 1st day of April, 1893, the elder Sutphens entered into a contract with the defendant Joslyn for the sale and purchase of the five-acre tract of land now in question; that the considera-

tion to be paid was a conveyance to the Sutphens of defendant's home in Kountz Place in the city of Omaha, valued at the sum of $30,000, and $20,000 in money, $10,000 of which was to be cash in hand, the remaining payment to be deferred and secured by a mortgage on the premises; that on the 5th day of April, following, the sale had progressed so far that the elder Sutphens made a deed of the premises in question and tendered the same to the defendant Joslyn; that it was then discovered that whatever title the elder Sutphens possessed came to them through the will of one Emily M. Sutphen, and it was suggested by Joslyn that perhaps the elder Sutphens took only a life estate in the premises, and for that reason he absolutely and positively refused to carry out his contract and pay the balance of the purchase price. The matter was thereupon submitted to the consideration of legal counsel, who advised that by the terms of the will the elder Sutphens took the fee to the premises in question and could convey the same to Joslyn free of any right or claim thereto on the part of the minor children of Charles D. Sutphen. But, notwithstanding such advice, defendant Joslyn refused to further proceed until that question was determined by a court of competent jurisdiction. Thereupon the elder Sutphens commenced the action in which the decree of July 10, 1893, was rendered. The action took the form of a petition by the elder Sutphens against the defendant Joslyn to compel the specific performance of the contract on his part. To this petition Joslyn filed an answer, alleging, in substance, that he was willing to specifically perform his part of the contract, provided the elder Sutphens could make him a good title to the premises. He set out in full the provisions of the will of Emily M. Sutphen, and alleged that by the terms of that instrument the elder Sutphens took only a life estate in the premises; that the fee was in the minor children of the plaintiff, Charles D. Sutphen, and that therefore the minors were necessary and proper parties to the proceeding; and prayed that they be brought into the

suit by proper pleadings, and be required to answer and set forth their rights in the premises. By the order of the district court, the minor children were made parties, were required to answer, and a guardian *ad litem* was duly appointed to represent them. The guardian *ad litem* filed the usual and customary answer in such cases, and there was thus presented for the adjudication of the district court the precise question as to who was the fee owner of the premises in question, and what interest, if any, therein was possessed· by the minor defendants under the will of their grandmother, Emily M. Sutphen. That the action was thus brought in good faith, and without any concealment or collusion, there can be no question. We are therefore of opinion that there was no actual fraud in the proceedings of which the plaintiff now complains.

Upon the question as to whether the transaction amounted to constructive fraud: The finding of the district court set forth in an able and exhaustive opinion contained in the record herein is, in substance, as follows: The next question is, did that which was done in fact, no matter from what motive, constitute constructive fraud or fraud in law? And we are again impelled to the same conclusion upon this point, and to hold that it did not. There was undoubtedly a *bona fide* intention between the parties to this sale, on the part of·the one to buy, and on the part of the other to sell, and after the discovery of what the purchaser deemed was an obstruction to the title there seemed to be the same good faith desire on the part of both to test its legal significance in the only way in which it could be effectively tested—in a court of justice. Now, it seems to us, if this be true, it could not matter to any one concerned how they agreed to formulate the suit by which this question could be tested, so long as no one concerned was, or could be, in any manner prejudiced thereby. There was no concealment from any one of any material fact; there was no disputed fact; no material fact was involved over which there could be a dispute. There was simply prepared and presented to the

court a single, pure, unmixed question of law, upon the mere statement of which its prominence and significance would be at once appreciated by the court. As we view the record, the above finding of the district court was correct, and it is therefore adopted, in substance, as our own.

It is argued, however, that the proceeding was simply a moot suit. This argument is not persuasive. The transaction out of which it became necessary to institute a suit did not originate in sham or collusion. Surely the elder Sutphens had a right to know and have judicially determined what was the extent of their interest in the property in question by virtue of the will of Emily M. Sutphen. Likewise defendant Joslyn, after the execution of the contract of purchase, and he had become the equitable owner of the land, had a right to know the state of the title he was to receive, and to accomplish that purpose a construction of the will was required. That was virtually what the suit was, so far as the rights of the minors were concerned. Again, the Sutphens might have brought suit at any time against the minors to have a construction of that instrument. The minors themselves through a guardian *ad litem* or next friend might have instituted such a suit against the elder Sutphens for the same purpose. The actual facts as they existed were fully set forth to the court. The district court which pronounced the decree in question had jurisdiction of the parties and of the subject matter. It assumed to exercise it, and granted the relief requested. At most, the decree may have been erroneous, but it was not void.

It is suggested that making the minors parties to the suit for specific performance had the effect of depriving them of a trial by jury. This is not so, for under no circumstances could the rights of the minors ever have been a question for a jury. It was a pure, unmixed question of law at all times, and under all circumstances to be determined by the court. If it were made to appear that there was involved in the hearing of that case so much as a single disputed fact, a determination of which would

affect, or even tend to affect, a proper decision of the question of law submitted to the court, there might be room for argument; but such is not the case. It is urged, however, that it was the duty of the guardian *ad litem* to have prosecuted an appeal from the decree in question. It is true that the guardian *ad litem* might have prosecuted such an appeal, and the district court could have directed him so to do; but it is evident from the undisputed facts contained in this record that at the time the decree was rendered the court and counsel for both parties were of the unanimous opinion that the law was correctly determined thereby; that under the will the children took nothing, and therefore to appeal would be a work of supererogation.

From the foregoing, we conclude that the findings of the district court upon the question of fraud are amply sustained by the evidence. Having reached that conclusion, it is unnecessary for us to determine any of the other points urged by counsel. Finding no error in the record, the judgment of the district court is

AFFIRMED.

FAWCETT, J., not sitting.

HAMER, J., dissenting.

No extended effort will be made to criticise the opinions. The opinions are delivered in Nos. 16,634 (*ante,* p. 34) and 17,236 (p. 45, *post*). I am compelled to dissent in these cases because I believe the course pursued in the district court for Douglas county in the original case was in disregard of the rights of the heirs. The grandmother intended the property for her grandchildren. No attention was paid to her wishes in the matter. While there was no evil intent—no intent to deprive the grandchildren of their inheritance—the district judge and counsel sought an opportunity to apply the property otherwise than it was intended. If that sort of thing may be done in these cases, it may be done in any case. Hereafter, what-

ever the disposition of the ancestor toward his grandchildren, he may feel no certainty that the property which he intends for them will ever reach the objects of his bounty. The case made was apparently a sham case. The guardian *ad litem* apparently made no effort to succeed, and there was no appeal. Those who were next to the children did not take care of them. There may have been no evil intent, but there was an utter disregard of the purpose of the grandmother. The district judge was used as a mere convenience, however honestly he may have intended to act.