DeWITT C. SUTPHEN ET AL., PLAINTIFFS, v. GEORGE A. JOSLYN ET AL., DEFENDANTS: EARL C. SUTPHEN, APPELLANT: SARAH H. JOSLYN ET AL., APPELLEES.

FILED MARCH 22, 1924. No. 22671.

1. **Wills: FORMER CONSTRUCTION FOLLOWED.** Where the question presented is whether the rule in Shelley's case applies to the interpretation of a will, and the question has already been raised and decided in this court at the suit of two of the three persons entitled to claim as heirs to the property if the first takers took only life estates, in a subsequent action by the third heir, no new facts or controlling circumstances having occurred in the meantime, the court will abide by the interpretation formerly given to the will.

2. ———: ———. Under the decision in *Yates v. Yates*, 104 Neb. 678, and *Myers v. Myers*, 109 Neb. 230, the language of the will in controversy is *held* to have conveyed estates in fee to the first takers, and not a mere life estate.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*William O. Gilbert* and *Frank H. Woodland*, for appellant.

*Sullivan, Wright & Thummel*, contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and GOOD, JJ., ELDRED, District Judge.

LETTON, J.

In April, 1893, an action was brought by DeWitt C. Sutphen, grandfather, and Charles D. Sutphen, father, of the plaintiff, against George A. Joslyn, in the district court for Douglas county. Its purpose was to compel Joslyn to specifically perform a contract of purchase from them of

five acres of land situated within the city of Omaha. Joslyn answered admitting the making of the contract of purchase and alleged that he was willing to perform if the plaintiffs could make a good and marketable title to the property; that their title came by will from Emily M. Sutphen; that the will devised a life estate in the tract to each of the plaintiffs, respectively with remainder to their heirs forever; that this only created a life estate in the plaintiffs, with remainder over to their heirs; that the three minor children of Charles D. Sutphen, Clinton Joy, Gladys E. and Earl C. Sutphen, were proper parties to the controversy; and that if the court found that plaintiffs had the full legal title he was ready and willing to perform.

The court ordered that the minors be made parties defendant. They were brought in, and a guardian *ad litem* appointed for them, who filed an answer for each, denying generally the allegations of the petition and cross-petition. The court, applying the rule in Shelley's case, held that the fee simple title was in the plaintiffs Sutphen, ordered Joslyn to specifically perform his contract, and barred and estopped Clinton Joy Sutphen, Gladys E. Sutphen and Earl C. Sutphen from having or claiming any right, title or interest in and to the real estate under the will. This decree was rendered July 10, 1893. No appeal was taken by the guardian *ad litem,* or by any other of the parties to the suit.

Earl C. Sutphen filed a petition for vacation of the judgment, within one year after attaining his majority. In substance the petition alleges that the petitioner is a son of Charles D. Sutphen; that at the date of entry of the judgment he was of the age of one year and 16 days; that he was neither a necessary nor a proper party to the controversy, and that the court erred in adjudicating his rights in the action; that neither the petition nor the answer and cross-petition states facts sufficient to constitute a cause of action against him; that the plaintiffs, under the will of Emily M. Sutphen, took only a life estate in the real estate, and that the court erred in adjudging that they took the fee to the same; that the guardian *ad litem* did not

defend in fact, but only perfunctorily went through the form of making a defense. He pleads that the conveyance from the plaintiffs to Joslyn, although in form of deed, was in fact only a mortgage; that he is one of the heirs of Charles D. Sutphen; that the court was without jurisdiction to adjudicate the issues raised between Joslyn and him, and that he has under the will an undivided interest in the fee to said real estate. The answer alleged the good faith of the proceedings, the validity of the decree, that plaintiff was an actual party though not named in like proceedings brought by his brother and sister and determined adversely to them by this court, and that he is estopped for this and other reasons from now claiming any interest in the property. The district court found for defendant and dismissed the proceedings. The petitioner has appealed.

The question as to the right of the heirs of Charles D. Sutphen to set aside the decree and the question as to the nature of the title devised by the will of Emily M. Sutphen have been considered by this court in suits prosecuted by Clinton Joy Sutphen and Gladys E. Kiplinger, *nee* Sutphen, the brother and sister of plaintiff, against George A. Joslyn, seeking to vacate and set aside the same decree. In *Sutphen v. Joslyn,* 93 Neb. 34, which was an original bill in equity filed more than one year after the plaintiff therein had attained his majority, it was held that there was neither actual nor constructive fraud in procuring the decree, and that it was not subject to the attack. The judgment of the district court was affirmed. In a similar suit brought by Gladys E. Kiplinger, the district court found that the action was commenced in time; that she had a good defense to the original action, and granted a new trial. Mrs. Kiplinger then filed a demurrer to the answer and cross-petition of Joslyn in the original case. This demurrer was sustained and the answer and cross-petition of Joslyn dismissed.

The suit by Clinton Joy Sutphen appears as No. 16634 of this court (93 Neb. 34); that brought by Mrs. Kiplinger for a new trial is No. 16827 (93 Neb. 40). The suit

in which the demurrer of Mrs. Kiplinger to the answer of
Joslyn in the original case was overruled by this court
appears as No. 17236 (93 Neb. 45). The brief of Mrs.
Kiplinger in No. 16827 recites: "By stipulation of coun-
sel and permission of the court, this case and No. 17236
are to be heard with No. 16634, and the briefs in the latter
case are to be considered as though filed also in the two
former. The petition, answer, and reply are essentially
the same in No. 16634 and in this case. * * * It is as-
sumed by both parties that after deciding the issues in
this and No. 16634 it will be very apparent what ruling
should be made in No. 17236." The briefs in No. 16634
alone consist of 304 printed pages. The merits of the en-
tire controversy as to the meaning and effect of the will
of Emily M. Sutphen and as to whether the rule in Shel-
ley's case is in force in the state of Nebraska are exhaus-
tively discussed, as well as the question whether the right
to open the decree had expired by limitation. The briefs
on behalf of the Sutphens argued that the rule in Shelley's
case is not a part of the law of this state, while on behalf
of Joslyn it was contended that the common law of Eng-
land by virtue of statute is law in this state, and that by
reason thereof the rule in Shelley's case must be applied.
This was the crucial and decisive question in all the cases.
In the final judgment of this court it was held in No. 16634
that the decree of the district court was not obtained by
fraud and that the judgment could not therefore be opened
for that reason or on that account. In No. 16827 it was
held that Mrs. Kiplinger did not begin her suit to open up
the decree within the time limited by statute after her
disability ended. In No. 17236 it was held that the de-
murrer to the answer and cross-petition of Joslyn should
have been overruled, and that the court erred in sustaining
it and in vacating the former decree. That decree was
reinstated and affirmed. The language of the brief opin-
ion in the latter case is lacking in clearness and is inac-
curate in its statement as to the opinion and judgment in
No. 16634, *Sutphen v. Joslyn,* 93 Neb. 34. The fact of

these inaccuracies was pointed out in the brief upon the motion for rehearing in No. 17236, and the same attack was made on the judgment as is now made. This motion for rehearing was overruled, the court evidently being of the opinion that the three opinions covered all questions raised in the three cases, and that the several judgments of this court determined the whole controversy. The final conclusion in the whole matter was that the original judgment of the district court was upheld, and it was held that the effect of the will was to pass a title in fee to DeWitt C. Sutphen and Charles D. Sutphen, and not a mere life estate.

Plaintiff stands in exactly the same relation to the will and to the title to the real estate as did his brother and sister at the time the former cases were decided. But it is urged that, even conceding that the rule in Shelley's case applies in this state, there is sufficient other language in the will to demonstrate that Mrs. Sutphen intended the heirs of the devisees to take by purchase and not by descent, and that the court must apply the intent statute, section 5594, Comp. St. 1922. One line of authorities, such as *Perrin v. Blake,* 4 Bur. (Eng.) 2579, 10 Eng. R. C. 689; *Jesson v. Wright,* 2 Bligh (Eng.) 1, 10 Eng. R. C. 714; *Carpenter v. Van Olinder,* 127 Ill. 42; *Hageman v. Hageman,* 129 Ill. 164; *Doebler's Appeal,* 64 Pa. St. 9, and *Brockschmidt v. Archer,* 64 Ohio St. 502, holds that the words of explanation in a will, to be effective to defeat the rule, must be with respect to the testator's intention as to how the heirs are to take, and that however much the testator may emphasize the fact that the first taker is to have only a life estate, by the use of expressions that the first taker may not sell or alienate the property, or that he is to have only the use of the property during his life, or that his intention is that the first taker shall have only a life estate, such expressions are not effective to defeat the operation of the rule in Shelley's case. The idea is well expressed by Blackstone in *Perrin v. Blake,* 10 Eng. R. C. 689, 710: "All the cases therefore that have hitherto occurred, from the statute of wills to the present time

(a period above two centuries), all the cases, I say, in which heirs of the body have been construed to be words of purchase, are reducible to these four heads: either where no estate of freehold is given to the ancestor; or where no estate of inheritance is given to the heir; or where other explanatory words are immediately subjoined to the former; or, lastly, where a new inheritance is grafted on the heirs of the body—none of which is the present case."

Other courts, upon whose decisions appellant relies, hold that, if the will, taken as a whole, indicates that the testator intended that the first taker should have a life estate only, the court will give effect to that intention, although there is language in the will which, standing alone, brings the devise within the rule. The following cases are cited to support this proposition: *Frank v. Frank*, 1 Monag. (Pa.) 347; *Smith v. Hastings*, 29 Vt. 240; *Striker v. Mott*, 28 N. Y. 82, 91; *Chelton v. Henderson*, 9 Gill (Md.) 432; *Tongue's Lessee v. Nutwell*, 13 Md. 415; *Westcott v. Meeker*, 144 Ia. 311. *Westcott v. Meeker, supra*, squarely supports it, but some of the other cases are not applicable, and the Vermont case is of no force as authority because the rule is not in force in that state. This court has not been entirely consistent in its expressions upon the question how far the intent statute should control the interpretation of wills which contain language coming within the rule, with other language which might be construed to indicate an intent that the rule should not apply. In some of these cases the actual intent of the testator seems to have been treated as the criterion regardless of the rule, and to go as far or even farther than appellant contends is the law, while in others the rule has been applied strictly. The cases in which such questions have been considered, other than the three *Sutphen v. Joslyn* cases above referred to, are: *Albin v. Parmele*, 70 Neb. 740; *Spencer v. Scovil*, 70 Neb. 87; *Moran v. Moran*, 101 Neb. 386; *Grant v. Hover*, 103 Neb. 730; *Kluge v. Kluge*, 103 Neb. 534. An examination of these cases will demonstrate the confusion and uncertainty which existed up to the time of the deci-

sions in *Yates v. Yates,* 104 Neb. 678, and *Myers v. Myers,* 109 Neb. 230. The latter cases clarify the situation by adopting the strict rule in Shelley's case in its pristine vigor. Since the decision of the latter cases valuable tracts of land have passed to purchasers who relied upon the rule announced therein. The rule has now become a rule of property.

A majority of the court feel bound by the views expressed in the cases first cited, and in *Yates v. Yates,* and *Myers v. Myers.* To the mind of the writer, who, with Judge Rose, dissented in the *Yates* case, this interpretation practically repeals the intent statute. It conflicts with *Moran v. Moran, supra,* and other cases following that decision. But if the language in the *Yates* and *Myers* cases is given a fair interpretation, then, even if the decisions in the *Sutphen* cases in 93 Neb. 34, 40, 45, had not settled the question, the will of Mrs. Sutphen must be considered as passing the estate in fee to the first takers.

The judgment of the district court is

AFFIRMED.