STATE BANK OF JANSEN, APPELLEE, v. PETER J. THIESSEN, APPELLANT.

289 N. W. 791

FILED JANUARY 19, 1940. No. 30694.

*Hartigan & Skultety,* for appellant.

*W. J. Moss* and *Melvin Moss, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and JOHNSEN, JJ., and FALLOON, District Judge.

CARTER, J.

This is an appeal from a decree of the district court for Jefferson county requiring the defendant to specifically perform the terms of a contract for the sale of real estate by accepting the title and paying the purchase price due by its terms.

The question to be decided arises out of the following

state of facts: On October 25, 1917, one Ferdinand Ackmann died, leaving a will by which he devised the property in question to Earnest Ackmann in the following words: "To my son Earnest Ackmann, subject to the rights of my wife set out in paragraph two hereof, and without any power or right in the said Earnest Ackmann to sell, mortgage or otherwise encumber said land, I give, devise and bequeath the (lands involved herein) to have and to hold subject to said conditions to the said Earnest Ackmann and his heirs forever." The life estate devised to the wife of Ferdinand Ackmann was extinguished by her death on June 11, 1929. The will of Ferdinand Ackmann has been duly probated and his estate settled, completed and closed.

On December 23, 1932, Earnest Ackmann and wife mortgaged the land to plaintiff for the sum of $3,500. The mortgage was subsequently foreclosed and the sale thereof to plaintiff confirmed. On February 16, 1939, plaintiff sold the land to the defendant for $4,000, in which contract plaintiff agreed to furnish an abstract of title showing a marketable title in the seller. The defendant refused to accept the title as marketable for the reason that the provision of the will through which plaintiff claims title restrains the devisee from selling, mortgaging or otherwise encumbering said lands and that the mortgage given to plaintiff was therefore void and of no force and effect. The question for determination, therefore, is the nature of the estate devised to Earnest Ackmann by the will of his father, and the effect of the restrictions against alienation with which the testator attempted to qualify it.

It is a fundamental rule when an estate in fee simple is devised that an attempt by the testator to prevent alienation is ineffective and void for the reason that it is repugnant to the estate devised. *Yates v. Yates,* 104 Neb. 678, 178 N. W. 262; *Myers v. Myers,* 109 Neb. 230, 190 N. W. 491. Therefore, if the estate taken by Earnest Ackmann under the will was in fee simple, the restrictions against alienation contained therein are void, and plaintiff has a marketable title.

A person is a purchaser, or takes land by purchase, irrespective of whether the conveyance is based on a consideration, when his interest is derived from a conveyance operating directly in his favor, by virtue of which the interest is created in him. If his interest is derived by inheritance from another person, he takes by descent and not by purchase. Whether in a given conveyance a limitation to the heirs of a designated person creates an estate in such heirs as purchasers, or whether such a limitation operates to create an estate in fee simple absolute, depends upon the form of the limitation. If there is no expression of an intent to create one estate in the designated person and a separate estate in his heirs, then the use of the word "heirs" serves merely to determine the extent of the estate created in the designated person. Thus, in the usual limitation of an estate to a designated person and his heirs forever, the phrase "and his heirs forever" are words of limitation and not of purchase, and operate to create an estate in fee simple absolute in such designated person. Restatement, Property, sec. 30, comment *c*. In the case before us this result must obtain, whether the rule in *Shelley's* case or the intent statute (section 76-109, Comp. St. 1929) be applied.

We necessarily hold that Earnest Ackmann took a fee simple title absolute in the lands devised to him by the will of his father, Ferdinand Ackmann. Consequently, the restraints against alienation attempted in the devise are void. The trial court therefore correctly decreed that plaintiff was entitled to have its contract with the defendant specifically performed.

AFFIRMED.