MARK O'SHEA, APPELLEE, v. HERMAN ZESSIN, JR., ET AL.: R. A. JOHNSON, GUARDIAN AD LITEM, APPELLANT.

293 N. W. 240

FILED JULY 5, 1940. No. 30836.

*R. A. Johnson,* for appellant.

*Moyer & Moyer* and *R. J. Shurtleff, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and BLACKLEDGE, District Judge.

SIMMONS, C. J.

This case presents this question: Did Herman W. Zessin receive an estate for life or an estate in fee simple under a clause of his mother's will which provided:

"Having made partial provisions heretofore for all my children with the exception of my son Herman W. Zessin, I give and bequeath unto the said Herman W. Zessin" (describes land), "the said Herman W. Zessin to have and to hold said described premises so long as he shall live and at his death I direct that the same be given to the heirs at law of the said Herman W. Zessin."

Plaintiff, a judgment creditor of Zessin, after unsuccessful efforts to collect his judgment, caused execution to be levied upon the property in question, and brought this action in equity to secure an answer to the above question. Defendants are Zessin, his wife, two married and four minor children. A guardian *ad litem* was appointed for the minor children.

The trial court decreed that Zessin was the owner in fee simple of the property and that the children defendants did not have any right, title, or interest in the same. The guardian *ad litem* appeals.

It is obvious that the testatrix attempted by this provision to devise a life estate to Zessin and the remainder to his heirs at law. The provision, however, comes within the rule of law announced in *Myers v. Myers,* 109 Neb. 230, 190 N. W. 491: "Where a testator by his will devised a life estate in real property to a person, and at her death to her 'lawful heirs,' * * * the word 'heirs' is to be taken as a word of limitation, and that such person becomes vested with a fee." This rule is now a rule of property in this state (*Sutphen v. Joslyn,* 111 Neb. 777, 198 N. W. 164) and does not yield to the expression of intention of the testatrix.

In view of the above determination, the plea of laches is of no avail to the appellant.

The decree of the trial court is

AFFIRMED.