TOM SANDBERG ET AL., APPELLEES, V. THE HEIRS, DEVISEES, LEGATEES, ETC., OF G. E. CHAMPLIN ET AL., APPELLEES, IMPLEADED WITH ARLYN SANDBERG, APPELLANT.

40 N. W. 2d 411

Filed January 6, 1950. No. 32716.

Clarence E. Haley, for appellant.

C. J. Mingus, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

This action was brought to obtain a decree construing the will of August Sandberg, deceased, and adjudicating that plaintiff Tom Sandberg was the owner in fee simple of lands devised therein, subject only to the life estate of plaintiff Albina Sandberg. Tom Sandberg and Marie Sandberg are husband and wife, and Albina Sandberg, widow of August Sandberg, deceased, is the mother of Tom Sandberg. Defendant Arlyn Sandberg is a minor daughter and only child of Tom Sandberg. Her duly appointed guardian ad litem filed answer denying that Tom Sandberg was the owner in fee simple of the property, alleging that she was by virtue of the will the owner of an interest therein, the right to possession and enjoyment of which was contingent upon the life estates of Albina Sandberg and Tom Sandberg.

Upon trial to the court, a decree was entered, awarding plaintiff the relief sought, upon the premise that decision was controlled by the rule in Shelley's case,

which was effective as a rule of property at the time of the death of August Sandberg on February 22, 1941. It was also held that the purported general limitations upon encumbrance or alienation by Albina Sandberg and Tom Sandberg were respectively precatory only, or ineffective and void. From that decree, the guardian ad litem appealed, assigning that the decree was contrary to law. We conclude that the assignment should not be sustained.

Concededly, August Sandberg's death occurred before the Uniform Property Act, now Chapter 76, article 1, R. S. 1943, came into full force and effect in this state. Without dispute, also, at the time of his death, August Sandberg was the fee simple title owner of the property described in plaintiff's petition.

The will, insofar as important here, provided: "All of my real property of whatever nature and wherever located shall be placed in the custody of my wife, Albina Sandberg for her to enjoy the rents and profits therefrom so long as she shall live. It is my expressed wish however that no mortgage, lien, or other incumbrance be placed upon this land or that it be sold or disposed of in any manner. At her death possession shall pass to my son, Tom Sandberg, and he likewise shall enjoy the rents and profits therefrom but with the same restrictions as above outlined, namely, that he shall not place any mortgage, lien or other incumbrance upon this land or that it shall not be sold or disposed of in any manner. At his death it is my expressed wish that this real estate be distributed to his heirs."

That Albina Sandberg had a life estate there can be no doubt. It is obvious also that testator attempted by the foregoing provision to devise only a life estate to Tom Sandberg after the death of Albina Sandberg, with remainder to his heirs at law. Under the circumstances, however, such provision comes within the rule promulgated in Myers v. Myers, 109 Neb. 230, 190 N. W. 491, approved and followed in O'Shea v. Zessin, 138 Neb.

380, 293. N. W. 240, to the effect that where a testator by his will has devised a life estate in real property to a person, and at his death to his heirs at law, the word heirs is to be taken as a word of limitation as distinguished from purchase, and such person becomes vested with a fee simple title to the property devised. That rule was a rule of property at the time of August Sandberg's death, (Sutphen v. Joslyn, 111 Neb. 777, 198 N. W. 164), which rule does not yield to the expression of testator's intention, and is controlling in the case at bar.

Viewed in that light, Tom Sandberg, upon the death of August Sandberg, became vested under the will with an absolute remainder in fee simple, subject only to Albina Sandberg's life estate, in which event the provision in the will attempting without limitation to prevent any encumbrance or alienation by him, being repugnant to the estate devised, was ineffective and void. State Bank of Jensen v. Thiessen, 137 Neb. 426, 289 N. W. 791.

With regard to the purported restraint against encumbrance or alienation by Albina Sandberg, owner of the life estate, it will be observed that the language used was precatory, not mandatory. That is, the language was advisory only in character, and not a command as appeared in Drury v. Hickinbotham, 129 Neb. 499, 262 N. W. 37. The life estate was devised to her absolutely, without qualifying the interest so devised, without limitation over or provision for forfeiture or reversion for breach of any condition, and also without retaining any interest in the property, as appeared in Majerus v. Santo, 143 Neb. 774, 10 N. W. 2d 608. Also, the relevant language used was directed to and concerned only the owner of the life estate, and did not relate to testator's ultimate intended disposition of the estate to another so as to indicate a trust intent, as appeared in Tucker v. Heirs of Myers, 151 Neb. 359, 37 N. W. 2d 585.

The relevant language in the will must be construed in the light of testator's intention, and applicable rules

of law. In that regard, the language of a will, addressed to and concerning only a beneficiary therein, expressing testator's wish, request, desire, or the like, as distinguished from a command, will not ordinarily be construed as mandatory but precatory only, unless from a construction of the entire will it appears that the language used was intended to be and was in fact lawfully testamentary and dispositive of the property to another. 69 C. J., Wills, § 1132, p. 78, § 1133, p. 79; 57 Am. Jur., Wills, § 1180, p. 771. We therefore conclude that the attempt of the testator to prevent encumbrance or alienation by the owner of the life estate was not mandatory but precatory only.

For the reasons heretofore stated, we conclude that the judgment should be and hereby is affirmed.

AFFIRMED.