CAROLINE ANDREWS, APPELLEE, V. CHARLES H. HALL ET AL., APPELLEES, IMPLEADED WITH HILDA B. ROBINSON, APPELLANT.

58 N. W. 2d 201

Filed April 24, 1953. No. 33276.

*Ernest L. Reeker* and *R. J. Shurtleff,* for appellant.

*F. J. Schroeder,* for appellee Andrews.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit for the partition of real estate devised to the plaintiff by her father, N. J. Hall. The appellant, Hilda B. Robinson, is the widow of Frank B. Hall, a son of the testator, N. J. Hall. The only question for determination is whether or not Frank B. Hall, who was devised a one-ninth interest in the real estate here involved, forfeited such interest when he attempted to sell, mortgage, and dispose of his interest in such real estate contrary to the provisions of the will of his father, N. J. Hall. The trial court held that Frank B. Hall had forfeited the interest in the real estate devised to him under the will of his father, N. J. Hall, and consequently that the appellant, the former wife of Frank B. Hall, acquired no interest therein under a deed from her husband. From a decree so holding, Hilda B. Robinson appeals.

The record shows that N. J. Hall died testate on January 28, 1930. By his will the real estate here involved could not be sold during the life of his wife, Minta A. Hall, the owner of the life estate. The will then provided: "After the death of my wife Minta A. Hall I wish all of my property both personal and real estate devided (divided) share and share alike with my children, with the following understanding that should any of my children during the life of my wife Minta A. Hall attempt to break this will or change the terms stated therein or attempt to sell, mortgage or dispose of their interest in my estate before the death of my wife Minta

A. Hall, it is my will that such heir shall forfeit all of his or her share except ten dollars, and that the balance of their share shall be divided share and share alike with the other children."

The answer discloses that Frank B. Hall, during his lifetime and prior to the death of Minta A. Hall, widow of the testator, conveyed his interest in the real estate to his wife, Hilda B. Hall, now Hilda B. Robinson, the appellant. It is the contention of appellant that the provision of the will herein quoted devised an undivided one-ninth interest in and to the real estate involved, in fee simple absolute, which interest vested in said Frank B. Hall upon the death of his father, subject to the life estate of his mother. It is then urged that the restriction imposed by the will against selling, mortgaging, or disposing of such interest in the real estate before the death of testator's widow, Minta A. Hall, is invalid and ineffectual for that purpose, and null, void, and repugnant to the fee simple estate devised.

The widow of the testator had a life estate in the property here involved. The will contained a general provision to the effect that none of the real estate devised to testator's children could be sold during the lifetime of the owner of the life estate. In view of the specific restrictions against alienation directed to his children in the portion of the will hereinbefore quoted, we assume that testator intended this general provision to restrict the partition of the real estate subject to the life tenancy of testator's widow. If this assumption is not the correct one, the restraint against alienation therein imposed would be subject to the same rules of law as those set forth heretofore in the quoted provision of the will. We are not here concerned with provisions intended to preserve the life estate of the widow. The sole question is the validity of the restriction against selling, mortgaging, or disposing of the fee simple estate granted by the testator to his children.

The intent of the testator is clear in the present case.

He gave a life estate to his widow and the remainder in fee simple to his children, share and share alike. It is clear, also, that testator intended to restrict the alienation of the vested remainders he had devised to his children. The question is whether or not his plainly expressed intent against alienation can properly be given effect under controlling rules of law.

The appellee contends that the intent of the testator must be ascertained from the four corners of the will and, when once ascertained, it must be given effect under the intent statute, section 76-205, R. R. S. 1943. As a general proposition the foregoing states the correct rule. We reiterate, however, that this intent statute does not have the effect of changing substantive law and is, in fact, declaratory of a rule of construction long adopted by the courts. We have held that it relates only to rules of construction and does not enlarge or limit, or in any way modify, any rule of substantive law that existed at the time of its passage or that thereafter has been created. Stuehm v. Mikulski, 139 Neb. 374, 297 N. W. 595, 137 A. L. R. 327; Majerus v. Santo, 143 Neb. 774, 10 N. W. 2d 608. We adhere to these holdings.

The children of the testator were devised a fee simple title to the remainder. It was alienable and devisable by the remaindermen, unless the restriction in question prevents. The will of the testator was effective at the death of the testator and it devised the entire interest of the testator to his wife and children. It is the general rule that a grant or devise of real estate to a designated person in fee simple, with provisions therein that are inconsistent or repugnant thereto such as a restriction against the power to sell, mortgage, or otherwise encumber, conveys an absolute fee and such restrictions are void. Watson v. Dalton, on rehearing, 146 Neb. 86, 20 N. W. 2d 610; State Bank of Jansen v. Thiessen, 137 Neb. 426, 289 N. W. 791. One of the primary incidents of ownership of property in fee simple is the right to convey or encumber it. It is the general rule that a

testator may not create a fee simple estate to vest at his death and at the same time restrict alienation thereof. Restatement, Property, § 406, subd. e, p. 2397.

Appellee cites the case of Peters v. Northwestern Mutual Life Ins. Co., 119 Neb. 161, 227 N. W. 917, 67 A. L. R. 1311. There can be no question that it supports the position taken by appellee. The rule therein cited does not conform to the general rule applicable to restrictions upon alienation of fee simple estates. We do not agree that there has been a judicial relaxation of rules governing the creation and vesting of fee simple estates. The validity or extent of one's title to real estate ought not to rest upon considerations of reasonableness in the imposing of restrictions. Such a relaxation by judicial interpretation can only bring confusion where certainty ought to exist. We think the case of Peters v. Northwestern Mutual Life Ins. Co., *supra,* is unsound in its reasoning on this question and that it should be overruled. The general rule that restrictions against alienation of real estate vested in fee simple are against public policy and void is a rule of substantive law which remains unaffected by the intent statute. It is a rule to be applied in all cases falling within it.

We do not say that a testator may not create a vested fee simple estate subject to a condition subsequent, or a determinable or defeasible fee. What we do say is that a restriction against alienation of a vested fee simple estate is not any one of these, nor, since it is void, can it be used as the sole basis for the creation of any of these estates. A restraint on alienation in the form of a condition subsequent, forfeiting or terminating the fee simple estate, or providing for a limitation over upon breach of the condition, is void. 41 Am. Jur., Perpetuities and Restraints on Alienation, § 70, p. 111; 31 C. J. S., Estates, § 8, p. 20. The right of alienation is inherent in the vested fee simple estate and it arises by virtue of the fact that such an estate is created. The nature of estates in fee simple determinable, estates in fee simple

subject to a condition subsequent, and estates in fee simple defeasible upon a condition subsequent, are fully discussed in Ohm v. Clear Creek Drainage Dist., 153 Neb. 428, 45 N. W. 2d 117. A perusal of that case will demonstrate that a restriction against alienation of a vested estate in fee simple is no part of, nor incidental to, any one of these estates. Consequently, cases dealing with the creation of recognized common-law estates have no application to a restriction against alienation of a vested fee simple estate. The rules announced in Sandberg v. Heirs of Champlin, 152 Neb. 161, 40 N. W. 2d 411, Watson v. Dalton, *supra,* State Bank of Jansen v. Thiessen, *supra,* and Myers v. Myers, 109 Neb. 230, 190 N. W. 491, control in the present case and require a holding that Frank B. Hall was the owner in fee simple of a one-ninth interest in the real estate in question and that the purported restriction against alienation contained in the will is against public policy and void. This being so, the conveyance made by him to Hilda B. Robinson was valid and operated to convey his interest in the real estate to her.

The judgment of the district court is reversed and the cause remanded with directions to enter a decree in conformity with the holdings of this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.