ALVIN BAUER ET AL., APPELLEES, V. ARTHUR BAUER, APPELLANT, IMPLEADED WITH IRENE BAUER ET AL., APPELLEES.

141 N. W. 2d 837

Filed April 15, 1966.   No. 36217.

Jack L. Craven, for appellant.

John E. Mekota and Gerald J. Hallstead, for appellees Alvin Bauer et al.

Crosby, Pansing, Guenzel & Binning, for appellee Loos.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

SPENCER, J.

This is an appeal from a judgment quieting title in Alvin Bauer and Mary Bauer, husband and wife, hereinafter referred to as plaintiffs, to the east half of the northeast quarter of Section 30, Township 8 North, Range 5, in Lancaster County, Nebraska. The defendants in the district court were Arthur Bauer and Irene Bauer, husband and wife, and Clara Loos. An appeal has been perfected by Arthur Bauer, who is the sole appellant herein. He will hereinafter be referred to as defendant.

On the 29th day of November 1946, Mary Bauer, a widow and the mother of Alvin Bauer and the defendant, for a recited consideration of $2,500 and other valuable consideration, conveyed the land in question to the plaintiffs by warranty deed. Following the words "subject to" in the printed form of the deed, the following was typed: "Life interest and $2500.00 to be paid to her son Arthur Bauer." The deed was executed in the office of Frank Novak, a real estate man at Crete, Nebraska. At the same time and place a separate instrument, which we will hereinafter refer to as an agreement, was signed and acknowledged by the plaintiffs. It is as follows: "As a part of the consideration for the conveyance of the East Half (E½) of the North East Quarter (NE¼) of Section Thirty (30), in Township Eight (8), North Range Five (5) in Lancaster County, Nebraska by the within named Mary Bauer, Widow, to Alvin Bauer, her son, by deed of this date, the undersigned Alvin Bauer and Mary Bauer, his Wife, hereby agree to deliver to the said Mary Bauer, Widow, two-

fifths of all crops to be raised on said premises as long as the said Mary Bauer shall live; no crops shall be delivered to the estate of the said Mary Bauer after her death.

"The undersigned further agree to pay to Arthur Bauer, son of the said Mary Bauer, Widow, the sum of Twenty Five Hundred Dollars ($2,500.00) within three months from the date of her death; the undersigned hereby grant and convey to the said Arthur Bauer a lien upon said real estate for the payment of said sum of $2,500.00. Said sum shall draw interest at the rate of 4% per annum from the date of the death of said Mary Bauer, Widow, until paid, if not paid within the said 90 day period."

Both the deed and the agreement were prepared in the office of Novak, and both of them were acknowledged by him as a notary public. The deed and the agreement were recorded in the office of the register of deeds in Lancaster County on December 9, 1946.

The plaintiffs took immediate possession of the land, farmed the same openly, and continued in open, exclusive possession, claiming ownership under said deed and paying the two-fifths of the crop share to Mary Bauer until her death February 21, 1955. On September 17, 1955, plaintiffs paid defendant $2,555, representing the $2,500 and interest from the date of Mary's death. The defendant signed and acknowledged a release which is in words and figures as follows, to wit: "In consideration of payment, the undersigned Arthur Bauer hereby releases the lien on the East Half (E½) of the Northeast Quarter (NE¼) of Section Thirty (30), Township Eight (8), North Range Five (5) in Lancaster County, Nebraska, created by the Agreement of Alvin Bauer and Mary Bauer, recorded December 9, 1946, at Page 435 of Book 30 of the Miscellaneous Real Estate Records of said Lancaster County."

In 1962 the plaintiffs entered into a written contract for the sale of said property to Clara Loos. A question

was raised as to the merchantability of the title because of differing interpretations of the words "subject to Life interest and $2500.00 to be paid to her son Arthur Bauer." Defendant refused to execute a quit claim deed and this action was filed.

The question raised is whether the life interest involved is the life interest of the grantor or her son Arthur Bauer. Even though there is no doubt in our minds as to the construction to be put on the language from the instrument itself, we cannot say that the deed is plain and unambiguous as the defendant argues.

If we adopt defendant's contention that the clause as it appears in the instrument was intended to reserve a life estate to him, then it is a reservation to the grant in favor of a stranger to the transaction. If so, it would be ineffectual to create title in him. In Burchard v. Walther, 58 Neb. 539, 78 N. W. 1061, we said: "A reservation in a deed must be to the grantor, or to one of them, where there are two or more, but an estate cannot be created in a stranger to a deed by a reservation or recital therein."

Defendant argues, however, that it was the intention of the parties that the quoted language operate as an exception to the grant. An exception in a deed is nothing more than a qualification by which some part of the estate is not conveyed which could have passed to the grantee but for the exception. We held in Burchard v. Walther, *supra,* that exceptions and reservations can only be created by and for the benefit of a grantor and his heirs and not for a stranger.

Defendant cites several cases from other jurisdictions holding that an exception or reservation in favor of a stranger to the deed will vest in him good title to the interest excepted where the deed plainly discloses an intention that he shall have the interest, and words deemed sufficient to vest it in him are used. We do not deem it necessary to discuss or analyze these cases because we

do not believe the deed in question plainly discloses any intention that defendant shall have the interest. As we interpret the deed, it was the grantor's intention to reserve a life estate to herself.

Section 76-205, R. R. S. 1943, so far as material here, provides: "* * * it shall be the duty of the courts of justice to carry into effect the true intent of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law."

Defendant contends that the intent of the grantor must be ascertained from within the four corners of the deed and that so construed it is evident that it was the grantor's intent to except a life estate for his benefit. While the intent statute does not have the effect of changing substantive law, it is declaratory of a rule of construction long adopted by this court. This statute, first enacted in 1866, relates only to rules of construction and does not enlarge on in any way or modify any rule of substantive law which existed in 1866 or has since been created. See Andrews v. Hall, 156 Neb. 817, 58 N. W. 2d 201, 42 A. L. R. 2d 1239.

The agreement and the deed were executed at the same time and are a part of the same transaction. Although the agreement does not bear the signature of the grantor of the deed, the benefits of the agreement run to the grantor. The agreement was signed by the plaintiffs, who were the parties to be bound. There can be no question the agreement was executed with the intention to bind the grantees and to explain the extent of their obligation. As we interpret the transaction, it is no different from the usual transaction resulting in a deed and the delivery of a mortgage for the balance of the purchase price. The mortgage is executed only by the grantees of the deed. In those situations, we have held that where they are executed at the same time, they are presumed to constitute one transaction. See Taylor v. Harvey, 90 Neb. 770, 134 N. W. 647.

We construe the deed in the light of the rule enunciated in Gettel v. Hester, 165 Neb. 573, 86 N. W. 2d 613: "In construing a reservation which is obscure, uncertain, or ambiguous, the intention of the parties is to be pursued, if possible, and emphasis is given to a determination of what the grantor meant by the language of the reservation. A reasonable construction should be given, and the entire instrument and the surrounding circumstances, including the purpose for which the property or right reserved is intended to be used, should be considered."

It is also pertinent to observe that the parties themselves construed the deed as reserving a life estate in the grantor. Plaintiffs, who farmed the land themselves, paid the grantor the usual landlord's crop share during the remainder of her life, and paid the $2,500 with interest to the defendant after the grantor died. They performed in the exact manner specified in the agreement.

Defendant in his brief attempts to suggest that there were facts which were withheld from him relative to his rights so that the release signed by him should be void as to any interest other than the $2,500, regardless of the time that has elapsed. Defendant's testimony on the signing of the release was very evasive. If there were any question herein, his very evasiveness would raise a serious doubt as to whether or not he was fully informed about the transaction.

For the reasons given, we find that there is no merit to any assignment of error herein, and that the judgment entered in the district court is correct and is affirmed.

AFFIRMED.